8753.  STOCKTON *v.* THE STATE.

The rule that proof of general good character of a witness is admissible to sustain him where an attempt has been made to impeach him by proof that he has made previous contradictory statements as to matters relevant to his testimony and to the case (Penal Code of 1910, § 1052; Civil Code, § 5881) does not apply where the only attempt to show such previous statements of the witness is by the statement of the defendant on the trial of a criminal case.  The court in this case erred in admitting testimony to show the good character of the witness for the State.

DECIDED JUNE 13, 1917.

Indictment for misdemeanor; from Muscogee superior court— Judge Howard.  March 30, 1917.

*George C. Palmer,* for plaintiff in error.

*C. F. McLaughlin, solicitor-general,* contra.

WADE, C. J.  1.  Though a witness whom it is sought to impeach by "disproving the facts testified to by him" can not be sustained by proof of general good character (*Bell* v. *State,* 100 *Ga.* 78, 27 S. E. 669), it is provided by section 1052 of the Penal Code of 1910 (Civil Code, § 5881) that he may be thus sustained where an effort has been made to impeach him by proof of contradictory statements previously made by him "as to matters relevant to his testimony and to the case;" but, as further provided by that section, "before contradictory statements can be *proved* against him (unless they are written statements, made under oath, in connection with some judicial proceedings), his mind should be called

with as much certainty as possible to the time, place, person, and circumstances attending the former statement," etc.

(a) Before making his statement to the jury a prisoner is not sworn, and he is not subject to cross-examination; and while the jury may believe his statement, in whole or in part, in preference to the sworn testimony in the case, and are authorized to give it just such weight as they think proper (Penal Code, § 1036), the statement is not evidence in a technical sense. *Dixon* v. *State,* 12 *Ga. App.* 17, 18 (76 S. E. 794); *Roberson* v. *State,* 12 *Ga. App.* 102 (76 S. E. 752). Hence, where the only attempt to show contradictory statements previously made by a witness for the State "as to matters relevant to his testimony and to the case" is by assertions of the defendant himself, in his statement to the jury, the contradictory statements are not so "proved" against the witness as to open the way for the admission of testimony showing the good character of the witness, in order to sustain him.

(b) Even where the impeachment of a witness is attempted by competent proof of contradictory statements previously made by him, it must appear that the contradictory statements referred to "matters relevant to his testimony and to the case." Proof as to contradictory statements made in regard to some matter not material in determining the guilt or innocence of the accused, or the correctness, weight, or value of material testimony then being delivered by the witness attacked, does not afford a sufficient basis for the admission of evidence to sustain the witness by proof of his general good character.

(c) In this case the trial judge allowed the State to introduce testimony as to the good character of the sole witness for the State, over the objection of the defendant, when there had been no attempt to show that the witness had previously made statements in conflict with and contradicted by his testimony delivered at the trial, except by the assertion to that effect made by the defendant in his statement to the jury; and furthermore, the alleged contradictory statement previously made did not touch upon any matter relevant to the testimony of the witness or to the case on trial against the accused. The witness denied on the trial that he had told the defendant that if the latter "had anything to say about it" (presumably his arrest on the charge preferred against him), he would "lock him up." The defendant in his statement

said: "He [this witness] threatened to lock me up once before, when I walked up where he had a negro under arrest." Even conceding that the assertion by the defendant amounted to proof of a contradictory statement by the witness, since he declared that the officer had threatened to lock him up "once *before*" (from which it might be inferred that he was then alleging that the officer had threatened to lock him up on the last occasion referred to), it does not appear that the alleged previous statement of the witness was material in determining the guilt of the defendant, or the credibility of the witness himself. The trial judge therefore erred in admitting testimony to show the general good character of the witness.

2. The remaining grounds of the motion for a new trial need not be passed upon, as they are either without any substantial merit, or relate to matters which can scarcely recur on another trial.     *Judgment reversed. George and Luke, JJ., concur.*