## 44799. REYNOLDS v. THE STATE.
### (363 SE2d 249)

GREGORY, Justice.

Appellant, John William Reynolds, was convicted of the offenses of incest and child molestation. We affirm.

The victim in this case was Reynold's thirteen-year-old stepdaughter, A. M. J. She is mildly retarded and is enrolled in a special education program at school. In early 1986 A. M. J. reported to her teacher that Reynolds had been molesting her. The teacher informed a child protective services worker, who interviewed the child. During the interview, A. M. J. again described numerous acts of child molestation committed upon her by Reynolds, including sexual intercourse.

At trial, A. M. J. testified that Reynolds, whom she referred to as "daddy," had sexual intercourse with her on several occasions. Dr. David Kerns testified, based on his examination of A. M. J., that she was "non-virginal." Further, the teacher and the social services worker were allowed to testify to statements A. M. J. had made to them regarding the event.

1. Reynolds contends the trial court erred by allowing the teacher and social services worker to testify to the out-of-court statements made by A. M. J. because the statements were hearsay and were offered to bolster A. M. J.'s in-court testimony. As regards the hearsay objection, we find this testimony falls squarely within OCGA § 24-3-16 and the trial court did not err by allowing the statements. See *Cuzzort v. State,* 254 Ga. 745 (334 SE2d 661) (1985). However, *Cuzzort* did not decide whether such statements were admissible over an objection that they bolstered the witness' in-court testimony. It only decided the issue raised in that case which was hearsay. The validity of other objections that might be raised to such testimony was not addressed by *Cuzzort.* Nor will we address the bolstering issue here because it was not raised below.

2. Reynolds contends that the trial court erred by allowing the

teacher and the social worker to testify to statements made by A. M. J. without *first* making a determination that the statements possessed "sufficient indicia of reliability."

OCGA § 24-3-16 does not require a hearing to determine "indicia of reliability" be held prior to receiving the testimony. Although it may be advisable in some situations to hold such a hearing outside the presence of the jury, we cannot say that failure to do so in this case was error since the trial court ultimately found the statements reliable and admitted them and obviously would have done the same following a separate hearing.

3. Reynolds argues that OCGA § 24-3-16 is unconstitutional under both the federal and state constitutions in that it denies defendant the right of confrontation because he is precluded from testing the veracity of the witness at the time the statements were originally made. We disagree.

We note that in this case A. M. J. actually testified at trial and was subject to a thorough cross-examination. In this situation defendant was not denied the right of confrontation even though he was unable to confront A. M. J. when the statements were originally made. The right of confrontation is satisfied if the witness testifies at trial and is subject to cross-examination. *California v. Green*, 399 U. S. 149 (90 SC 1930, 26 LE2d 489) (1970). See *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987).

4. Reynolds also contends that his right of confrontation was violated because the teacher and social services worker testified at trial to out of court statements made by A. M. J. that were not mentioned during A. M. J.'s testimony. Therefore, Reynolds contends he was denied the opportunity to cross-examine A. M. J. regarding these statements. As noted above, however, the right of confrontation is preserved if the witness testifies at trial and is subject to cross-examination. It is not necessary that the witness repeat at trial everything that was said in the out of court statement. Reynold's remedy here was to recall A. M. J. and cross-examine her about these statements.

5. Reynolds argues he should have been allowed to offer for impeachment purposes testimony of certain witnesses who would have related instances in which A. M. J. told that her mother was dead and that her sister was bitten by a rattlesnake. He contends this testimony would have established prior inconsistent statements by A. M. J. which tended to impeach her testimony as a witness pursuant to OCGA § 24-9-83.

During the trial defense counsel asked A. M. J. on cross-examination if she told the potential witnesses that her mother was dead. Her answer was no. When asked if she told other potential witnesses that her sister had been bitten by a rattlesnake, she answered yes.

OCGA § 24-9-83 provides in part: "A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. . . ." A. M. J.'s in-court testimony about the rattlesnake bite was consistent with her previous statement. There is an inconsistency regarding the statement about her mother's death. However, neither her mother's death nor the rattlesnake bite are matters which bear even a remote materiality to the case on trial and for that reason the trial court did not err. *Stockton v. State*, 20 Ga. App. 186 (92 SE 1019) (1917); *Kennedy v. State*, 9 Ga. App. 219 (70 SE 986) (1911); See *Thomas v. State*, 168 Ga. App. 587 (309 SE2d 881) (1983) and *Strickland v. State*, 166 Ga. App. 702 (305 SE2d 434) (1983). See also Cleary ed., McCormick on Evidence, § 185 (1984).

6. We find that the evidence was sufficient to support the verdict beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED JANUARY 6, 1988.

*Farrar & Farrar, Archibald A. Farrar, Jr.*, for appellant.
*David L. Lomenick, Jr., District Attorney, David J. Dunn, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.