### A90A1902. SMITH v. THE STATE.
(405 SE2d 78)

BEASLEY, Judge.

For acts committed against his 11 and 12-year-old sons, Smith was convicted of two counts of cruelty to children, two counts of child molestation, and two counts of aggravated child molestation. The boys were ages 15 and 16 at trial.

Both victims attended the same school in the fall of 1984 and on occasion came with unexplained injuries. On November 19, 1984, Seth, the younger, had a bloodshot eye, a bruised face and a brace or bandage on his left hand. Paul had bruises on his left leg.

Seth's teacher summoned the principal, who asked him what had happened. He said a hammer had fallen on him. She called a social worker to interview him. He gave her the same answer.

The social worker called intake caseworker Sanders from the pro-

tective services division of the DeKalb County Department of Family & Children Services (DFCS), who investigates 40 to 50 complaints of child abuse each month. He talked to Seth and Paul at the school, using his usual method of sitting with the children for a few minutes in order to build a rapport and then beginning the interview by asking non-threatening questions which gradually provoke confidences. They related that their father had subjected them to physical abuse. Seth said his father had thrown him up against a wall, resulting in his left hand being broken, and on another occasion had hit him in the face, resulting in bruises to his right eye.

Sanders called the police to transport the children to the juvenile court, where a complaint alleging child abuse was filed. The boys were interviewed there by Sanders and Norwood, the supervisor of the juvenile court child deprivation department who interviews about 300 alleged child abuse and neglect victims each year.

Seth was quiet and fairly sedate. Paul was more forthcoming. The children first talked about physical injuries inflicted by their father. Both stated they were hit by him two or three times each week with various objects such as a belt, board, or hammer. After one episode, their mother had taken them to a shelter for battered women. Paul's bruises on his left leg were caused by strikes with a hammer. Seth had been pushed into a wall, breaking his left hand. Photographs of their injuries were taken.

As the interview was concluding, Paul began to cry. He stated there was something else he needed to tell. He described 15 or 20 incidents of sexual abuse of him by his father, the latest of which was several days before the interview and the earliest when he was about age ten. Once in the spring of 1984, his father put a knife to his throat and threatened to kill him if he told his mother. His father also threatened to shoot him if he told anybody. Seth then described an act of sodomy with him, followed by a threat if he reported it.

Police officer Morris testified that he conducted an audiotaped interview of the children on November 21 at the children's center, and he authenticated the tape, which was played to the jury. When he interviewed the children, he did not threaten them and they gave their statements freely and voluntarily. They were "[v]ery timid, very scared." Afterwards he obtained warrants for their father's arrest.

Appellant left the state and was not arrested until December 1988, when he visited the family and Seth rode his bicycle to the police station to inform of his father's presence.

Seth was 15 years old at trial and testified to the incidents described in his out-of-court statements.

Paul was 16 years old at trial and testified that he did not want to testify, that he did not want to come to court, and that he was testifying because of subpoena. For the most part, he testified that he

did not remember making statements about sexual abuse, although he did recall the statements in regard to physical abuse but not the specific acts.

1. Appellant contends that the children's out-of-court statements to the three professionals constituted inadmissible hearsay because unreliable, and violated his Sixth Amendment right to confrontation. This argument has been rejected.

First there was no such objection to the testimony of DFCS and juvenile court personnel Sanders and Norwood. Thus there is no ruling to review, as objections were waived. *Herrin v. State*, 230 Ga. 476, 477 (1) (197 SE2d 734) (1973). Only the taped interview need be considered. Nevertheless, none violates the principles appellant espouses.

(a) In *Cuzzort v. State*, 254 Ga. 745 (334 SE2nd 661) (1985), the victim in a child molestation case had made an out-of-court statement to her mother which was consistent with the child's testimony at trial. The child's mother's testimony was admitted over a hearsay objection. The Georgia Supreme Court held that the out-of-court statement was admissible because at trial the child was under oath and subject to cross-examination about her testimony and about her out-of-court statement. "The concerns of the rule against hearsay are satisfied." *Cuzzort,* supra at 745.

Following *Cuzzort,* the Child Hearsay Statute, OCGA § 24-3-16, was enacted: "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."

In *Reynolds v. State,* 257 Ga. 725 (1) (363 SE2d 249) (1988), other witnesses testified to out-of-court statements by a child-molestation victim. The Court held: "As regards the hearsay objection, we find this testimony falls squarely within OCGA § 24-3-16 and the trial court did not err by allowing the statements. See *Cuzzort v. State,* [supra]." Appellant does not challenge the constitutionality of the statute, which was settled in *Reynolds,* supra at 726 (3).

(b) Appellant unavailingly asserts that the admission in evidence of the children's out-of-court statements violated his federal confrontation rights, as this was rejected in *Sosebee v. State,* 257 Ga. 298 (357 SE2d 562) (1987). The Court held that, to satisfy the right, and in conformity with the statute, the trial court should cause the alleged victim to take the stand and submit to examination or cross-examination by either party if requested. Here both victims testified, under oath.

(c) Appellant argues that his constitutional right of confrontation was violated because he was denied the opportunity to cross-examine

the children at the time they made their out-of-court statements.

The appellant in *Reynolds* also argued that OCGA § 24-3-16 violated his right of confrontation under the State and Federal Constitutions because he was precluded from testing the veracity of the witness at the time the statements were originally made.

Meeting the same contention in *Reynolds,* supra, the Court held in Division 3 that the victim's availability for cross-examination at trial satisfied the defendant's right of confrontation under *California v. Green,* 399 U. S. 149 (90 SC 1930, 26 LE2d 489) (1970).

(d) Confrontation rights were also violated, appellant offers, because the children's out-of-court statements were not mentioned in their testimony at trial. This argument was rejected in Division 4 of *Reynolds,* supra.

(e) Appellant argues that the children's out-of-court statements should not have been admitted in evidence since they did testify. However, such is provided for by the Child Hearsay Statute, which appellant does not attack.

In addition, *Newberry v. State,* 184 Ga. App. 356, 357 (1) (361 SE2d 499) (1987), rejected the argument that under *Ohio v. Roberts,* 448 U. S. 56 (100 SC 2531, 65 LE2d 597) (1980), there must be a finding of "necessity" before the out-of-court statements of a child molestation victim are admitted under the statute. *Newberry's,* and likewise *Smith's,* reliance on *Roberts* was misplaced in that *Roberts* dealt with a situation in which the former testimony of an *unavailable* witness was admitted in a criminal trial.

*Roberts* was relied upon in *Idaho v. Wright,* ___ U. S. ___ (110 SC 3139, 111 LE2d 638) (1990), another case cited by appellant. It concerned the hearsay statements of a child molestation victim who was not available to testify at trial because she was not capable of communicating to the jury.

In *Wright,* the Court repeated that although " 'a literal interpretation of the Confrontation Clause could bar the use of any out-of-court statements when the declarant is unavailable, this Court has rejected that view as "unintended and too extreme." ' " *Wright,* 111 LE2d at 651, citing *Bourjaily v. United States,* 483 U. S. 171, 182 (107 SC 2775, 97 LE2d 144) (1987) (quoting *Ohio v. Roberts,* supra).

As recognized in *Wright, Roberts* provides the analytical framework for determining whether hearsay testimony of an unavailable witness is admissible. First, *Roberts* holds that the Confrontation Clause establishes a rule of "necessity" under which the prosecution must either produce the witness or demonstrate the witness' unavailability. Second, *Roberts* holds that the hearsay statement of the unavailable witness must bear adequate "indicia of reliability" in order to be admitted in evidence. "Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay ex-

ception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness. . . ." *Wright,* 111 LE2d at 652, citing *Roberts,* 448 U. S. at 66.

The Court in *Wright* applied a "totality of the circumstances surrounding the statement" rule to determine whether the hearsay statements of the unavailable child witness bore "particularized guarantees of trustworthiness" under the Confrontation Clause, rather than "impos[ing] a fixed set of procedural prerequisites to the admission of such statements at trial." *Wright,* 111 LE2d at 654. In so holding, the Court rejected as too rigid the State Supreme Court's conclusion that the child's out-of-court statements did not bear sufficient indicia of reliability because the questioner "failed to record the interview on videotape, asked leading questions, and questioned the child with a preconceived idea of what she should be disclosing." Id.

(f) In this context we consider appellant's argument that the trial court erred in admitting the out-of-court statements of the children on grounds that these statements bore insufficient "indicia of reliability" and "particularized guarantees of trustworthiness" to support their admission in evidence. More specifically, appellant argues that the social workers and police conducted the interviews without adequate procedural safeguards, failed to videotape the interviews, asked leading questions, and had a preconceived idea of what the children should be disclosing.

First of all, in this case, as in *Newberry v. State,* supra at 357-358 (2), there was a proper foundation for the admission of the audiotape in accordance with the seven-part test contained in *Brooks v. State,* 141 Ga. App. 725, 734, (8) (234 SE2d 541) (1977). Secondly, the circumstances surrounding the children's out-of-court statements provide sufficient indicia of reliability so as to authorize the trial court's admission of these statements in evidence. See also *Reynolds,* supra at 725-726 (2).

"Unlike certain problems envisioned in *Ohio v. Roberts,* OCGA § 24-3-16 protects the defendant's constitutional right of confrontation by affording defendant the dual protection of requiring both the availability of the witness and a sufficient indicia of reliability." *Newberry,* supra at 357.

2. Appellant challenges the sufficiency of the evidence to support the verdicts, based on the arguments advanced by him in the preceding division of this opinion. Since we have rejected appellant's preceding arguments, we reject the evidentiary challenge as well. The evidence meets the standards of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope and Andrews, JJ., concur.*

DECIDED MARCH 6, 1991 —
REHEARING DENIED MARCH 28, 1991 —

*W. Michael Maloof,* for appellant.
*Robert E. Wilson, District Attorney, J. Thomas Morgan III, Desiree L. Sutton, Assistant District Attorneys,* for appellee.