## A92A1009. MORENO v. THE STATE.
(419 SE2d 735)

POPE, Judge.

Appellant/defendant Jorge I. Moreno appeals from his conviction for trafficking in cocaine. Defendant was first convicted in 1988 in a joint trial with his co-defendant Ramirez. After this court reversed the conviction of his co-defendant, *Ramirez v. State,* 190 Ga. App. 889 (380 SE2d 323) (1989), the trial court granted defendant's motion for new trial. Defendant and his co-defendant were retried and defendant was again convicted. The pertinent facts surrounding defendant's arrest and subsequent conviction are recited at *Ramirez,* supra, and will not be re-stated herein.

1. Defendant contends the evidence was insufficient as a matter of law to authorize his conviction. A review of the record reveals that there was sufficient evidence to authorize the jury to find that defendant, as the owner and passenger of the vehicle in which contraband was found, was in actual joint possession of the contraband with the driver of the vehicle. *Ramirez,* 190 Ga. App. at 890; *Cochran v. State,* 190 Ga. App. 884 (1) (380 SE2d 319) (1989).

2. Defendant challenges the trial court's charge on possession. The trial court properly instructed the jury that they must find beyond a reasonable doubt that defendant actually possessed the cocaine, either solely or jointly, before they would be authorized to convict defendant. In the cases relied upon by defendant, the trial court also charged the jury on constructive possession. See *Partridge v. State,* 187 Ga. App. 325 (5) (370 SE2d 173) (1988); *Raines v. State,* 186 Ga. App. 239 (4) (b) (366 SE2d 841) (1988). There is no mention of constructive possession in the charge in this case and there is no reason to infer that the jury would be confused about the type of possession necessary to convict defendant. This enumeration of error is without merit.

3. Defendant argues the trial court erred in admitting into evidence a suitcase and a receipt found in the suitcase. First, defendant argues that the suitcase was not identified by any of the arresting

officers and therefore it was improperly admitted. While defendant was testifying he identified the suitcase as the suitcase placed by a Mr. Ocalla in the trunk of defendant's car to be given to co-defendant Ramirez. Because the defendant properly identified the suitcase, it was not error for the trial court to admit it into evidence.

Defendant also contends that the trial court erred by admitting into evidence a receipt produced from the suitcase. Defendant identified the receipt in question as a receipt from a hotel where he stayed shortly before his arrest. The parties entered into a stipulation that certain evidence including the suitcase had not been tampered with before trial. Accordingly, we will not hold that the trial court committed reversible error by admitting the suitcase and receipt contained therein.

Defendant posits that the receipt should have been produced in response to a pretrial motion before the defendant's first trial. No objection was made at trial to the introduction of the receipt on that basis. "It is well established law that enumerations of error which raise questions for the first time on appeal present nothing for decision." (Citations and punctuation omitted.) *CSX Transp. v. Levant,* 200 Ga. App. 856, 861 (6) (410 SE2d 299) (1991).

4. Defendant argues that the trial court erred by admitting into evidence the vehicle registration for the vehicle in which the cocaine was found because the registration improperly placed his character in evidence. The State used the information on the car title to impeach earlier testimony of the defendant concerning when he had purchased the vehicle. " '[I]f evidence is otherwise relevant and material to the issues being tried, it is not rendered inadmissible merely because it may incidentally place the defendant's character in issue. (Cits.)' [Cit.]" *Calloway v. State,* 199 Ga. App. 272, 273 (1) (404 SE2d 811) (1991). This enumeration of error is without merit.

5. Defendant asserts the trial court erred by failing to charge on renunciation. During defendant's testimony he stated that he saw "something funny" and he requested the officers search his car for that reason. Defendant argues that he was attempting to abandon the crime and that by failing to charge the jury on renunciation the trial court deprived him of that defense. The evidence, however, showed completion of the crime charged. "Where the evidence shows a completed crime, there is no error in refusing to charge on [renunciation]. [Cit.]" *Sanders v. State,* 251 Ga. 70, 77 (4) (303 SE2d 13) (1983).

6. Defendant urges that the trial court's charge on parties to the crime was erroneous. Specifically, defendant argues that the trial court erred by charging all of OCGA § 16-2-20 except subparagraph (b) (2). Defendant did not submit a written request to charge on this Code section. It is well-settled that it is not reversible error for a trial court to fail to give a request to charge that is not submitted in writ-

ing by the complaining party, unless the charge in question concerns defendant's sole defense. *Bullock v. State*, 202 Ga. App. 65 (413 SE2d 219) (1991); *Lamb v. State*, 196 Ga. App. 665 (3) (396 SE2d 497) (1990). The charge in question did not concern defendant's sole defense in this case. Moreover, although defendant reserved all objections to the charge, when asked specifically if the trial court omitted anything from the charge, the defendant replied "no."

7. In his final enumeration, defendant challenges his sentence. A review of the record reveals that defendant's sentence does not comply with the dictates of OCGA § 17-10-9. Defendant's sentence provides that "execution of this sentence shall not begin until the time for filing an appeal has run or until this conviction is final." OCGA § 17-10-9 provides in pertinent part: "If a defendant has been convicted and sentenced but, because of his failure or inability to post bond or bail for any reason, he has been incarcerated pending the prosecution of an appeal to any court, the time of the original imposition of his sentence until the time when the remittitur of the appellate court is made the judgment of the court in which the conviction is had shall be counted as time spent under sentence for all purposes." At the time of defendant's sentencing he had been incarcerated for more than 37 months. Upon remittitur, defendant's sentence must be revised to comply with this statute. Defendant's remaining contentions regarding his sentence should properly be addressed to the sentence review panel.

*Judgment affirmed with direction. Carley, P. J., and Johnson, J., concur.*

DECIDED JUNE 4, 1992.

*Wayne L. Burnaine,* for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney,* for appellee.