## S93A0436. ALLEN v. THE STATE.
(428 SE2d 73)

CLARKE, Chief Justice.

A jury found Tony Allen guilty of molesting a ten-year-old neighbor between October 1988 and April 1989.[1] Appellant molested the victim in his home on several occasions, threatening that if she revealed what he had done to her, she would get in trouble. Eventually, she told her sister, and her parents later discovered the molestation. Although the parents learned of the incidents in June or July of 1989, they did not report it to the police until October 1989 because they believed Allen had left the state. When they later saw Allen, they contacted the Cobb County Police. Detective M. C. Wrozier's interview with the victim was recorded on videotape. Shortly thereafter, Allen was arrested and charged with child molestation.

At trial, Allen testified on his own behalf. Other members of his family also testified. The prosecution presented the videotaped interviews with the victim and an audiotaped statement of the defendant made during custodial interrogation. No physical evidence was offered to support the claims; the victim never went to the hospital for a medical examination. Allen's children testified that their father never molested them. Allen appeals from his convictions on all four counts. We affirm.

1. Viewing the evidence in the light most favorable to the jury's verdict, a rational trier of fact could have found appellant guilty of child molestation, aggravated child molestation, and cruelty to children beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In two enumerations of error, appellant contends that the child hearsay statute,[2] codified at OCGA § 24-3-16, is unconstitutional on its face and as applied. We disagree. We have repeatedly upheld the constitutionality of that statute. *Reynolds v. State*, 257 Ga. 725, 726 (3) (363 SE2d 249) (1988); *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987).

Appellant's argument that OCGA § 24-3-16 was unconstitution-

---

[1] The crimes occurred between October 1, 1988, and April 30, 1989. Appellant was convicted of two counts of child molestation, one count of aggravated child molestation, and one count of cruelty to children. The trial court sentenced Allen to eight years on each of the child molestation convictions and twenty years on the aggravated child molestation and cruelty to children convictions. On July 15, 1992, the trial court denied appellant's motion for new trial filed on October 31, 1991. Appellant filed a notice of appeal on July 23, 1992. The case was argued/submitted before this Court on February 9, 1993.

[2] A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability. OCGA § 24-3-16.

ally applied also fails. His argument turns on the requirement that the declarant's out-of-court statements must have sufficient indicia of reliability to justify the exception to the confrontation clause. *Idaho v. Wright*, 497 U. S. 805 (110 SC 3139, 111 LE2d 638) (1990); *Ohio v. Roberts*, 448 U. S. 56 (100 SC 2531, 65 LE2d 597) (1980). Unlike these cases cited by appellant, the declarant of the out-of-court testimony in this case was available for testimony. Therefore, the constitutional concerns expressed in *Wright* are not present in this statute since it requires both the presence of the declarant and sufficient indicia of reliability. In this case, the testimony of the victim exhibited the guarantees of trustworthiness required by the statute. *Smith v. State*, 199 Ga. App. 378 (405 SE2d 78) (1991). Her interview was videotaped, preserved in its entirety for consideration by the jury. Her testimony, both in the videotape and on the stand was consistent throughout. The atmosphere surrounding the interview was described as "noncoercive" and "friendly." The questions asked by the detective, although leading at times, were not so intimidating to the young victim that this Court could call into question her truthfulness. We also find no motive, nor does appellant suggest one, for fabrication of her story.

3. Prior to his arrest, the appellant made a statement to the police. This statement was recorded on audiotape and used by the prosecution in its case-in-chief. Defense counsel objected to the admission of the taped statement on the grounds that portions of it were prejudicial. In appellant's third enumeration, he argues that the trial court erred in admitting the entire audiotaped statement. Specifically appellant complains of two parts of the tape.

Appellant first argues that a question asked by Detective Wrozier was prejudicial because it suggested that he had committed other crimes and was evidence of bad character:

> DET. WROZIER [to Allen]: [The victim] described [the molestation] all in detail. And that you had told her that you had also done this to your other daughter who does not live with you, a daughter by a previous marriage, I believe. And that, you know, she enjoyed, so [the victim] should enjoy it.

We reject his argument. Statements made to the victim during the course of a crime are admissible as evidence of motive, scheme, design, or method of operation of the appellant. *Bell v. State*, 234 Ga. 473 (216 SE2d 279) (1975). These statements are admissible "notwithstanding the fact they may show other criminal conduct on the part of the one who made the statement." *Potts v. State*, 241 Ga. 67, 73 (4) (243 SE2d 510) (1978).

The second statement of which appellant complains was intended

as an exculpatory statement on his own behalf. During questioning, appellant explained that his ex-wife had been harassing him trying to get custody of their daughter so her new husband could adopt her. Appellant, in his statement, said that sometimes she would accuse him of using drugs. On appeal he argues that this statement should have been excluded because it was evidence of other crimes and of bad character. We disagree. Appellant volunteered this information. The statement was not an admission that appellant used drugs. It amounted to a possible explanation for why the victim would accuse him of molesting her. We therefore find it highly probable that this statement did not contribute to the verdict. See *Florence v. State*, 162 Ga. App. 830, 832 (1) (292 SE2d 923) (1982).

4. In his final enumeration of error, appellant claims that his sixth amendment right to effective assistance of counsel was denied. The trial court denied appellant's claim of ineffective assistance of counsel originally raised in appellant's amended motion for new trial. To prove an ineffective assistance of counsel claim, appellant must show that counsel's performance was not reasonable under the circumstances and that there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

As appellant contends, the gist of his complaint is that trial counsel failed to argue to the jury certain crucial facts which were probative of innocence. Defense counsel, however, is given wide latitude in making closing arguments. *Kornegay v. State*, 174 Ga. App. 279 (329 SE2d 601) (1985). This Court will not, with benefit of hindsight, second-guess defense trial strategies in closing arguments. Absent a strong showing that counsel's actions were not reasonable, we will presume that these strategies were not deficient. *Strickland*, supra at 689.

Appellant cites numerous examples of trial counsel's alleged deficiency but fails to show how any of these acts prejudiced his defense. This Court will "indulge a strong presumption that [trial] counsel's conduct falls within the wide range of reasonable professional assistance." Id. Appellant must show that his trial counsel was so ineffective that it deprived him of a fair trial. Appellant has made no such showing; we find no merit in appellant's arguments.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1993.

*Smith, White, Sharma & Halpern, Jonathan Goldberg,* for appellant.

*Thomas J. Charron, District Attorney, Debra A. Bernes, Nancy I. Jordan, Rose L. Wing, Assistant District Attorneys,* for appellee.