## A98A1927. JENKINS v. THE STATE.
### (508 SE2d 710)

BEASLEY, Judge.

Following denial of his motion for new trial, Jenkins appeals his conviction of one count of child molestation and one count of aggravated child molestation. OCGA § 16-6-4.

The victim was four years old when the crimes occurred and seven years old at the time of trial. Through infantile expressions used by the child in her trial testimony, she described acts by her stepfather Jenkins consisting of his having placed his tongue on her vagina on numerous occasions and inserting his penis into her anus once.

Also appearing as State's witnesses were the child's mother, great-grandmother, a criminal investigator and a social worker who had both interviewed the child, a psychologist who had evaluated

her, a nurse and a physician. They testified to out-of-court statements of the child consistent with her testimony.

The great-grandmother testified that while giving the child a bath, she noticed that her rectum was inflamed after the child complained of rectal pain. Without prompting, the child related that Jenkins had inserted his penis into her anus. The great-grandmother reported this to the mother, who testified that the child later told her that Jenkins had taken off her clothes and licked her between the legs. The mother called the police. After the child repeated the allegations of both oral and anal sexual molestation to the criminal investigator and social worker, Jenkins was arrested.

The psychologist to whom the child was referred testified that, through demonstrations with anatomically correct dolls, the child showed him what Jenkins had done. He also related that the child had refused to recant her charges against Jenkins notwithstanding encouragement by others that she do so. The physician and nurse testified that their attempts to perform physical examinations were unsuccessful as a result of the child's non-cooperation.

1. Jenkins first contends that the court's admission in evidence of the victim's prior consistent statements through the testimony of these other witnesses violated his state and federal due process rights.

In reliance on *Tome v. United States*[1] and Division 2 of *Woodard v. State*,[2] he argues that where, as here, the victim testifies to the acts allegedly engaged in by the defendant, prior consistent statements by the victim are not relevant unless the victim's testimony is impeached or challenged as being a recent fabrication or the product of improper influence or motive. The two cases are not supportive.

(a) In *Tome*, the Supreme Court was interpreting Federal Rule of Evidence 801 (d) (1) (B). It provides that prior statements of a witness are not hearsay if they are consistent with the witness' testimony and offered to rebut a charge against the witness of "recent fabrication or improper influence or motive."

Adopting the prevailing common law view, the Supreme Court held that a prior consistent statement is admissible under this rule only if the statement was made before the alleged fabrication, influence, or motive came into being. The Court acknowledged that prior consistent statements, whenever made, might be probative on the question of whether the matters asserted therein are true, but held the rule Congress adopted does not accord non-hearsay status to prior consistent statements in this broad a fashion. The Court inti-

---

[1] 513 U. S. 150 (115 SC 696, 130 LE2d 574) (1995).
[2] 269 Ga. 317 (496 SE2d 896) (1998).

mated no view concerning the admissibility of a child's out-of-court statements under other evidentiary rules or principles.

(b) Georgia's Child Hearsay Statute, OCGA § 24-3-16, creates an evidentiary rule under which a statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if two prerequisites are met: first, the child must be available to testify in the proceedings; second, the circumstances of the statement must provide sufficient indicia of reliability.[3]

The Georgia statute differs from those of most other states, at least as of late 1993. They typically require the victim to testify or be shown to be unavailable.[4] The availability requirement of our statute is met even if the victim takes the stand and is incapable of reiterating the accusations against the defendant or is uncommunicative or unresponsive.[5] The child need only physically appear at trial.[6]

(c) At issue in *Woodard* was the validity of a 1995 amendment to the Child Hearsay Statute allowing hearsay declarations made by a child under the age of fourteen who witnessed an act of sexual or physical abuse inflicted on another to be introduced as substantive evidence in a criminal trial, so long as the two statutory conditions were met.

The Supreme Court noted in Division 1 of *Woodard* that it has repeatedly upheld the constitutionality of the Child Hearsay Statute to the extent that it allows the introduction of hearsay statements made by the victim.[7] Applying the statute, the Court held that such statements, in which the child recounted the incident of abuse to law enforcement authorities and social workers, were admitted properly because it was undisputed that the statutory conditions were met.

The question addressed in Division 2 of *Woodard* was whether the child witness' prior consistent statements were admissible under *Cuzzort v. State*,[8] the landmark case decided before enactment of the Child Hearsay Statute. *Cuzzort* allowed the admission at trial as substantive evidence of a prior consistent statement made by a witness who testifies and is subject to cross-examination. The Court held that *Cuzzort* authorizes the admission at trial of a witness' prior consistent statement only where the veracity of a witness' trial testi-

---

[3] See *Smith v. State*, 228 Ga. App. 144, 146 (3) (491 SE2d 194) (1997).
[4] See *The Georgia Child Hearsay Statute and the Sixth Amendment: Is There a Confrontation?*, 10 Ga. State Univ. L. Rev. 367, 379 (1994).
[5] *Bright v. State*, 197 Ga. App. 784, 785 (1) (400 SE2d 18) (1990).
[6] *Gibby v. State*, 213 Ga. App. 20, 22 (2) (d) (443 SE2d 852) (1994).
[7] See *Thornton v. State*, 264 Ga. 563, 567 (449 SE2d 98) (1994); *Allen v. State*, 263 Ga. 60 (428 SE2d 73) (1993); *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987).
[8] 254 Ga. 745 (334 SE2d 661) (1985).

mony has been placed in issue. It disapproved prior cases which had interpreted *Cuzzort* more broadly. Consistent with Federal Rule of Evidence 801 (d) (1) (B), *Cuzzort* concluded that a witness' veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination. After noting that Woodard had not attempted to impeach the veracity of the child witness' testimony and raised no allegations of recent fabrication or improper influence or motive, the Court concluded that the prior consistent statement was improperly admitted to bolster the witness' credibility.

In Division 3 of *Woodard* the Court held that the 1995 amendment violated the equal protection clauses of our state and federal constitutions. The grounds were that the compelling reasons that support admission of hearsay statements by a child victim are not applicable to child witnesses, and the disparity which the amendment created in the substantive evidence against criminal defendants charged with identical acts of molestation based on nothing more than the age of the witness is without any rational basis.

(d) In Jenkins' case, the first condition was met, as the victim testified at trial. As to the second condition, the court was authorized to find that, although the child gave differing accounts as to the number of times Jenkins had molested her, under the totality of the circumstances her out-of-court statements bore sufficient indicia of reliability to authorize their admission in evidence.[9]

We note that although the Child Hearsay Statute does not additionally condition admissibility of testimony concerning the victim's out-of-court statements on a challenge to the victim's credibility,[10] Jenkins did challenge the victim's credibility. He questioned whether she had merely observed sexual acts either by watching pornographic videotapes to which she had access or by venturing into his and her mother's bedroom while they were having sexual relations. He also questioned whether her testimony was motivated by her desire to reunite her natural parents.

2. Jenkins contends that the Child Hearsay Statute violates his equal protection rights under state and federal constitutions because prior consistent statements are not similarly admissible in other classes of criminal cases.

The Supreme Court has exclusive jurisdiction of all cases in which the constitutionality of a law is drawn in question.[11] Jenkins' appeal of this case to the Supreme Court was transferred to this

---

[9] See generally *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991).

[10] See *Smith v. State*, 199 Ga. App. 378, 381 (1) (e) (405 SE2d 78) (1991).

[11] Art. VI, Sec. VI, Par. II (1) of the Ga. Const. of 1983.

court because no issue concerning the constitutionality of a statute was properly raised and ruled on in the trial court. In addition to the procedural deficiency, Jenkins would have to surmount *Weathersby v. State*[12] and *Dobbins v. State*,[13] where challenges similar to Jenkins' were rejected. And in *Sims v. State*[14] the Court recognized that child molesters are not similarly situated to all other criminals.

3. Since the hearsay testimony as to the victim's out-of-court statements was admissible, the failure of Jenkins' trial lawyer to object to it did not constitute ineffective assistance of counsel.[15]

4. The remaining enumerations are not reached because they raise questions for the first time on appeal.[16]

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 30, 1998 

*Cook, Noell, Tolley & Wiggins, Edward D. Tolley, Ronald E. Houser,* for appellant.

*Robert W. Lavender, District Attorney, Kathleen R. Johnson, Assistant District Attorney,* for appellee.

---

[12] 262 Ga. 126, 128 (4) (a) (414 SE2d 200) (1992).
[13] 262 Ga. 161 (1) (415 SE2d 168) (1992).
[14] 260 Ga. 782 (1) (399 SE2d 924) (1991).
[15] *Ross v. State*, 231 Ga. App. 793, 799 (10) (499 SE2d 642) (1998).
[16] *Moreno v. State*, 204 Ga. App. 463, 464 (3) (419 SE2d 735) (1992).