## S90A1056. STILL v. THE STATE.
### (396 SE2d 898)

WELTNER, Justice.

Jerry Weyman Still shot and killed Jewell Deree Wells with a handgun. He was convicted of malice murder, two counts of felony murder, possession of a firearm during the commission of a crime, possession of a firearm by a convicted felon, attempt to escape, and criminal interference with government property. After the trial court merged the murder convictions, Still was sentenced to life imprisonment and a term of years.[1]

During a confrontation between Still and another, Still's handgun discharged, and the projectile fatally wounded Wells, who was a bystander.

1. (a) On voir dire, a venireman said that he was biased against the defendant, but later stated that he could decide the case based on the evidence. Still contends that the trial court erred in failing to strike the prospective juror for cause.

(b) In *Patterson v. State,* 239 Ga. 409, 411 (238 SE2d 2) (1977), we held: "Whether to strike a juror for cause lies within the discretion of the [trial] court. [Cit.]" The trial court did not abuse its discretion.

2. (a) Still contends that it was error for the trial court to sustain the state's objections to the cross-examination of a state's witness. The questions concerned (i) an inquiry posed by Still's counsel: "No one disputes it was an accident?"; (ii) a confrontation between Still's nephew and his wife; and (iii) a handgun that the nephew had purchased on the day before the homicide.

(b) The first objection properly was sustained because the question addressed a matter beyond the knowledge of the witness. The remaining objections were sustained only as to the form of the questions, and Still's counsel was permitted to elicit the relevant testimony through later questioning. There was no error.

3. (a) The trial court admitted in evidence a detective's report that contained an inaccurate statement attributed to a witness. Still argues it was error for the report to be admitted.

---

[1] The homicide occurred on October 9, 1988. Still was indicted on August 25, 1989, was convicted on November 17, 1989, and was sentenced the same date. A notice of appeal was filed on November 29, 1989. The appeal was docketed on May 7, 1990, and submitted without oral argument on June 26, 1990.

(b) In *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), we held:

> At trial [the witness] was under oath and subject to cross-examination about her testimony and about her out-of-court statement. The concerns of the rule against hearsay are satisfied.

The witness was on the stand and subject to cross-examination, hence his statements were not subject to exclusion. There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 18, 1990.

*Sexton & Moody, Lillian L. Neal, James W. Bradley,* for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.