## S90A1666. SIMS v. THE STATE.
(399 SE2d 924)

CLARKE, Chief Justice.

Albert Sims was convicted of sexually molesting a three-year-old child, and sentenced to 20 years imprisonment. Jurisdiction in this court is predicated on the defendant's constitutional challenge to OCGA § 24-9-5 (b).

The evidence showed that the victim lived near the defendant. On the day in question the victim was playing with the step-grand-daughter of the defendant. The defendant's wife told the victim to go home because she and the grandchild needed to go into Atlanta. The victim left, but it is not disputed that she returned on her own to continue playing with the grandchild's toys.

When the defendant's wife returned that evening the victim was playing in the living room. All exterior doors to the home were locked. The defendant was undressed in the bathroom. The defendant told his wife that the victim had suddenly appeared and seen him un-dressed. The defendant's wife then sent the victim home.

Later that evening the victim told her mother that the defendant had exhibited his genitals to her, and asked her to touch them, but that she had refused. She also stated that the defendant had inserted his finger in her vagina and moved it around. The victim's mother testified that she examined the victim's vaginal area and found it to be red. The victim was examined by a physician the following day, but no medical evidence was presented at trial.

The court called the victim as a witness under the procedures outlined in *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987). While the victim was not questioned specifically about the molesta-tion, she did testify that the defendant had never done anything to harm her.

1. The defendant first argues that OCGA § 24-9-5 (b) violates due process and equal protection principles.

In pertinent part, the statute provides that notwithstanding the provision of OCGA § 24-9-5 (a) that a child who does not understand the nature of an oath is an incompetent witness, "in criminal cases involving child molestation . . . any such child shall be competent to testify, and his credibility shall be determined as provided by Article 4 of this chapter." OCGA § 24-9-5 (b).

The defendant maintains that OCGA § 24-9-5 (b) singles out child molesters from other accused criminals, and allows them to be convicted on the basis of evidence which could not be used to convict others of crimes. He additionally argues that the statute allows child molesters to be convicted on the basis of evidence which would not be admissible in civil suits.

To successfully launch an equal protection attack on a statutory

provision, a claimant must initially show that he is similarly situated to members of the class who are treated differently from him. *Stuart-James Co. v. Tanner*, 259 Ga. 289 (380 SE2d 257) (1989). The defendant has failed to make a showing that child molesters are similarly situated to all other criminals or to civil litigants.

The defendant also argues that the statute violates equal protection because a child whose competency has not been proved may testify against an accused child molester, but may not testify in his behalf. However, the statute applies equally to all those accused of child molestation, and therefore it does not create disparate classifications among similarly situated persons. See *Stegall v. Leader National Ins. Co.*, 256 Ga. 765 (353 SE2d 484) (1987).

Relying on these same arguments the defendant argues that the statute violates due process because it denies a fair trial to one accused of child molestation. We agree with the state that it is not fundamentally unfair to require one accused of child molestation to face his accuser, even if the accuser is unable to articulate the meaning of an oath. Under the procedure set out in *Sosebee*, supra, the defendant has the opportunity to cross-examine the child witness, and test his credibility before the jury. Further, because there is no fundamental right to testify, *Ambles v. State*, 259 Ga. 406 (383 SE2d 555) (1989), the legislature may set threshold requirements for a witness who wishes to testify, OCGA § 24-9-5 (a), as well as except them when circumstances dictate it, OCGA § 24-9-5 (b).

2. We have examined the record in this case and conclude that a rational trier of fact could have found the defendant guilty of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The defendant argues that the trial court erred in qualifying a DFCS caseworker as an expert in the area of child sexual abuse because the witness lacked academic credentials in this area.

The witness testified that she has had 15 years experience in the area of child abuse, and has investigated over 50 cases involving sexual abuse of children. The witness testified that she has attended numerous seminars on sexual abuse and has received awards for her work in this area.

It is not necessary that the knowledge of an expert witness be derived solely from academic endeavors, as it may be derived from experience. *Carter v. Marble Products, Inc.*, 179 Ga. 122 (175 SE 480) (1934); Agnor, Georgia Evidence, § 9-5, p. 140. We find that the trial court did not abuse its discretion in qualifying the witness as an expert. *Redd v. State*, 240 Ga. 753 (243 SE2d 16) (1978).

4. The DFCS caseworker testified that the victim stated she had been sent home from the defendant's house, but she went back because she wanted to play with the toys which were there. The victim

then described to the witness what the defendant had done to her. Using anatomically correct male and female dolls, the victim demonstrated to the witness what the defendant had done to her. Based on this evidence the witness was permitted to express her opinion that the victim had been sexually molested.

We agree with the defendant that it was error to allow the witness to express her opinion as to whether the child had been molested. The only evidence offered by this witness involved a recitation of what the victim said and demonstrated to the witness.[1] The opinion of the witness was impermissibly based on the credibility of the victim, see *Smith v. State*, 259 Ga. 135 (2) (377 SE2d 158) (1989), and was not based on her specialized experience or knowledge as an expert in the field of child sexual abuse. The inference to be drawn from this particular evidence was not beyond the ken of the jurors. We cannot say that the jurors lacked the requisite skill, knowledge or experience to determine whether the victim had been molested based on the testimony of the victim's statements and her demonstration of what had been done to her. See generally *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981).

Because it cannot be said that the admission of the witness' opinion was not harmful, we must reverse.

5. We have examined the defendant's remaining enumerations of error, and find them to be either without merit, or unlikely to occur on retrial.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 7, 1991.

*David F. Dickinson,* for appellant.
*John M. Ott, District Attorney, Alan A. Cook, Assistant District Attorney,* for appellee.

---

[1] The witness did not testify that her evaluation of the child's recitation and demonstration was based on any scientific study, see Justice Hunt's special concurrence in *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989), or any recognized syndrome associated with victims of sexual abuse. In fact, the witness testified that she was not familiar with the child sexual abuse syndrome.