## S91A0589. HAMILTON v. THE STATE.
### (404 SE2d 431)

WELTNER, Justice.

Bobby Joe Hamilton was convicted by a jury of incest. He was sentenced to imprisonment, a fine, and restitution.[1]

The evidence indicated that for more than a year, Hamilton had engaged in sexual intercourse with his 16-year-old step-daughter, who had the mental capacity of an eight-year-old child.

1. (a) Hamilton contends that he did not receive effective assistance of counsel in that his lawyer did not prepare sufficiently to cross-examine a state's witness concerning the subject of sexual abuse; and that he failed to object to an unsolicited response by a state's witness on cross-examination, which disclosed to the jury the fact of Hamilton's prior imprisonment.

(b) The trial court did not err in denying the motion for new trial on this ground. The cross-examination of the witness was thorough, and the jury apparently chose to believe him. Counsel did not object to the testimony for fear of according to it a greater emphasis. *Jowers v. State*, 260 Ga. 459 (396 SE2d 891) (1990), cited by Hamilton, is distinguishable, as there was some evidence in that case that the deceased had committed suicide.

2. (a) Hamilton asserts that the evidence was not sufficient to authorize the verdict.

(b) Although the victim was mentally handicapped, her testimony was lucid. An expert witness testified that the victim's vagina was substantially dilated, probably as a result of sexual intercourse. Venue was established by evidence that the offense occurred in Hamilton's house, which was situated in Conyers, Rockdale County. From the evidence, a rational trier of fact could have found Hamilton guilty of incest beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. (a) Hamilton contends that the state improperly placed Hamilton's character in evidence by means of an unsolicited answer on cross-examination referring to his prison record.

(b) The trial court instructed the witness, outside the jury's hearing, not to mention the matter further. Defense counsel did not object. See Div. 1 (b). There was no reversible error. *Johnson v. State*,

---

[1] The crime was committed between the dates of November 1, 1987, and November 30, 1988. The indictment was returned on July 14, 1989, and the verdict was returned on November 28, 1989. Hamilton's motion for new trial was filed on December 18, 1989, his pro se motion for new trial was filed on December 21, 1989, his original motion was amended on June 11, 1990, and his motion as amended was denied on August 6, 1990. A notice of appeal was filed in the Court of Appeals on September 4, 1990. The case was docketed in the Court of Appeals on September 11, 1990, and transferred to this court on January 25, 1991. Oral arguments were heard on April 9, 1991.

238 Ga. 59, 61 (230 SE2d 869) (1976).

4. (a) Hamilton presents certain arguments concerning OCGA § 24-9-5 (b).

(b) The effective date of the Act was April 19, 1989.[2] The events of this prosecution took place in 1988. The statute was not in effect at the time of the trial, nor were its procedures followed during the trial. This enumeration of error is without merit.[3]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 10, 1991 —
RECONSIDERATION DENIED JUNE 6, 1991.

*Ronald C. Conner,* for appellant.

*Robert F. Mumford, District Attorney, Nancy F. Nash, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.

---

[2] "This Act shall not apply to crimes or offenses which took place prior to the effective date of this Act." Ga. L. 1989, p. 1639, Sec. 2.

[3] This case was transferred to this court by the Court of Appeals on the basis of a constitutional challenge. We upheld the constitutionality of this Code section in *Sims v. State,* 260 Ga. 782 (399 SE2d 924) (1991).