S94A0862. REED v. THE STATE.
(448 SE2d 189)

THOMPSON, Justice.

Reed was charged by indictment with attempted sexual exploitation of a child under OCGA § 16-12-100 (b) (1),[1]

> by knowingly attempting to persuade, induce and entice a minor, . . . a person under the age of eighteen years, to engage in and assist another person, . . . in engaging in sexually explicit conduct as defined in OCGA § 16-12-100 (a) (4) for the purpose of producing a visual medium, to-wit: a videotape depicting said conduct.

He unsuccessfully moved to dismiss the indictment challenging the constitutionality of OCGA § 16-12-100. The trial court certified its order for immediate review and an application for interlocutory appeal to this court was granted to consider whether the statute violates the equal protection clause of the Georgia Constitution and the Fourteenth Amendment to the United States Constitution. For the reasons that follow, we uphold the constitutionality of the statute on the challenged grounds and affirm the denial of the motion to dismiss.[2]

> There are two prongs to an evaluation of legislation under an equal protection claim . . . and, as the legislation is presumptively valid, the claimant has the burden of proof as to both prongs. Initially, the claimant must establish that he is similarly situated to members of the class who are treated differently from him. Next, the claimant must establish that there is no rational basis for such different treatment. [Cit.]

*Dobbins v. State,* 262 Ga. 161 (1) (415 SE2d 168) (1992).

The victim was a 17-year-old married female. The statute defines the term "minor," as "any person under the age of 18 years." OCGA § 16-12-100 (a) (1). Reed asserts that he is similarly situated to de-

---

[1] OCGA § 16-12-100 (b) (1) provides:
It is unlawful for any person knowingly to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual medium depicting such conduct.

[2] Since the trial court upheld the statute solely on equal protection grounds, our consideration is likewise limited.

fendants who are charged with other crimes against children and that he is subject to disparate treatment because the statute under which he is charged criminalizes conduct involving all children under the age of 18 years, whereas other crimes against children specify a lower age threshold, and in certain instances, implicate only unmarried victims. A similar argument was rejected in *Dobbins*, supra, with respect to the child hearsay statute, OCGA § 24-3-16, which is applicable to children under the age of 14 years. We refused to find that others charged with crimes against children over the age of 14 years were similarly situated for purposes of equal protection analysis.

The proper inquiry is whether the statute applies equally to all those accused under it, and therefore does not create disparate classifications among similarly situated persons. *Sims v. State*, 260 Ga. 782 (1) (399 SE2d 924) (1991). Bare assertions of disparate treatment are insufficient to overcome the presumptive validity of the statute. *Dobbins*, supra at (1).

Since Reed failed to satisfy the threshold obligation in his equal protection challenge, we do not consider whether the statute is rationally related to a legitimate state interest.[3]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1994.

*Carey, Jarrard & Walker, Mary R. Carden,* for appellant.
*Lydia J. Sartain, District Attorney, Lee Darragh, Assistant District Attorney,* for appellee.

---

[3] But see in this context *Aman v. State*, 261 Ga. 669 (409 SE2d 645) (1991); *Osborne v. Ohio*, 495 U. S. 103 (110 SC 1691, 109 LE2d 98) (1990); *New York v. Ferber*, 458 U. S. 747 (102 SC 3348, 73 LE2d 1113) (1982).