## S97A1867. WOODARD v. THE STATE.
### (496 SE2d 896)

SEARS, Justice.

Appellant Jerry Woodard appeals his conviction for child molestation, arguing that the trial court erred by admitting into evidence certain hearsay statements made out-of-court by a six-year-old witness to the crime. At issue is the validity of the 1995 amendment to the Child Hearsay Statute.[1] The amendment allows hearsay declarations made by a child under the age of 14 who witnessed an act of sexual or physical abuse inflicted on another to be introduced as substantive evidence in a criminal trial, so long as the child declarant is available to testify. Because we must conclude that the 1995 amendment violates both this Court's precedent, and constitutional principles of equal protection, we are compelled to reverse.

In 1995, Woodard was accused of sexually molesting the five-year-old daughter of friends. A six-year-old friend of the victim purportedly witnessed the incident. On the same day that the molestation was reported to have occurred, both the victim and her six-year-old friend gave statements to an investigator with the Carroll County Sheriff's Department. Several days later, both young girls gave videotaped statements to workers with the Department of Family and Children Services ("DFCS"). The Sheriff's Department investigator who conducted the first interview with the girls also participated in the videotaped DFCS interview. A medical examination of the victim, conducted on the same day that the molestation was reported to have occurred, revealed no physical evidence of sexual abuse.

At trial, the young victim testified that Woodard had inserted his finger into her vagina. Her six-year-old friend testified that she had observed Woodard touching the victim's genital area. Both young girls then were cross-examined by defense counsel. Thereafter, the sheriff's department investigator testified that when he initially interviewed the victim, she told him that Woodard had inserted his finger into her vagina. The investigator also testified that the victim's six-year-old friend told him that she saw Woodard insert his hand into the victim's pants. During the investigator's testimony, the

[1] OCGA § 24-3-16 (1995).

videotaped interview of both young girls made by DFCS was played for the jury. After the presentation of all evidence, Woodard was convicted on one count of child molestation.

1. The Child Hearsay Statute, as amended, provides that:

A statement made by a child under the age of 14 years describing any act of sexual conduct or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom it is made if the child is available to testify in the proceeding and the court finds that the circumstances of the statement provide sufficient indicia of reliability.[2]

This Court repeatedly has upheld the constitutionality of the Child Hearsay Statute to the extent that it allows the introduction of hearsay statements made by the child victim of sexual or physical abuse, so long as the statutory prerequisites for admitting such statements exist.[3] In this case, it is not disputed that those prerequisites were satisfied. Therefore, the introduction at Woodard's trial of hearsay statements made by the child victim in this case, in which she recounted the incident of abuse to the sheriff's department investigator and DFCS workers, were admitted properly under the statute, and present no grounds for review on appeal.

2. On appeal, Woodard claims that the trial court's admission of the child witness's hearsay statements, as recounted by the sheriff's investigator and in the DFCS video, unconstitutionally denied him the right to confront witnesses against him, and impermissibly bolstered the witness's veracity. In response, the State argues that Woodard's argument is foreclosed by this Court's ruling in *Cuzzort v. State*[4] that the prior consistent statements of an in-court witness are admissible as substantive evidence.

In most cases decided in Georgia courts before 1982, a witness's prior inconsistent statement made out-of-court was admitted only for purposes of impeachment. That changed in *Gibbons v. State*,[5] when this Court ruled that the prior inconsistent statement of a witness who testifies at trial and is subject to cross-examination is admissible as substantive evidence.[6] In deciding *Gibbons*, the court sought to further the jury's truth-seeking function by allowing it to consider

[2] OCGA § 24-3-16 (1995).
[3] See *Thornton v. State*, 264 Ga. 563, 567 (449 SE2d 98) (1994); *Allen v. State*, 263 Ga. 60 (428 SE2d 73) (1993); *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987).
[4] 254 Ga. 745 (334 SE2d 661) (1985).
[5] 248 Ga. 858 (286 SE2d 717) (1982).
[6] Id. 248 Ga. at 862.

two versions of the same story recounted by the same witness — a witness's out-of-court statement made "closer in time to the event in question, when memories are fresher,"[7] as opposed to the witness's contradictory testimony at trial, in which he repudiates his prior statement, when the jury has the benefit of observing the witness's demeanor while testifying and being cross-examined.[8]

In addition to furthering the jury's quest for the truth, the *Gibbons* rule has yielded several other benefits. First, it has protected "both the State and the defense . . . from the erratic or unpredictable witness"[9] who contradicts his earlier material statement when testifying. Second, it has discouraged "efforts to influence the testimony of a witness," by making it more difficult for the witness to revoke her prior declaration while testifying.[10] Finally, the *Gibbons* rule has protected witnesses from improper attempts to influence their testimony, by eliminating much of the gain to be had when such attempts are successful.[11]

In *Cuzzort,* supra, relied upon by the State, the *Gibbons* rule was extended to allow the admission at trial as substantive evidence of a prior *consistent* statement made by a witness who testifies and is subject to cross-examination.[12] Despite the absence of an inconsistency between the witness's out-of-court statement and her testimony at trial, *Cuzzort* concluded that because the witness's veracity was in issue, her prior consistent statement was admissible. Because the witness was cross-examined concerning both her out-of-court statement and her testimony, the *Cuzzort* court concluded that the "concerns of the rule against hearsay [were] satisfied."[13]

Even though *Cuzzort* has sometimes been misinterpreted,[14] since

---

[7] Id. 248 Ga. at 863.
[8] Id.
[9] Id. at 864.
[10] Id.
[11] Id.
[12] 254 Ga. at 745.
[13] Id.
[14] For example, *Cuzzort* has been improperly construed to permit the admission per se of a witness's prior consistent statement — regardless of whether the witness's veracity actually has been called into question during cross-examination. See *Farley v. State,* 260 Ga. 816, 818 (400 SE2d 626) (1991); *Miller v. State,* 260 Ga. 191, 193 (391 SE2d 642) (1990); *Still v. State,* 260 Ga. 463, 464 (396 SE2d 898) (1990); *Jarrells v. State,* 258 Ga. 833, 837 (375 SE2d 842) (1989); *Slaughter v. State,* 257 Ga. 104, 106 (355 SE2d 660) (1987); *Lumpkin v. State,* 255 Ga. 363, 365 (338 SE2d 431) (1986). *Cuzzort* also has been misinterpreted to eliminate the need for any inquiry into whether a prior consistent statement was offered solely for the purpose of bolstering a witness's credibility in the eyes of a jury, *Lumpkin,* supra, contrary to established precedent. See *Tucker v. State,* 244 Ga. 721, 727 (261 SE2d 635) (1979). As explained, these cases not only misinterpret *Cuzzort* and improperly expand its scope, they also contradict this Court's long-standing rule against bolstering a witness's testimony. Accordingly, this line of case law is hereby overruled to the extent that it contravenes the clarification of *Cuzzort* discussed in the paragraph above.

it was decided, this Court has clarified when that opinion authorizes the admission at trial of a witness's prior consistent statement — such statements are admissible only where (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination.[15]

Consistent with Federal Rule of Evidence 801 (d) (1) (B), a witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination.[16] As stated by a well-respected commentator:

> Thus, to rebut a charge that a witness is motivated or has been influenced to testify falsely or that his testimony is a recent fabrication, evidence is admissible that he told the same story *before* the motive or influence came into existence or *before* the time of the alleged recent fabrication. [In those circumstances], the prior consistent statement is defined as not hearsay . . . and thus is admitted into evidence.[17]

Unless a witness's veracity has affirmatively been placed in issue, the witness's prior consistent statement is pure hearsay evidence,[18] which cannot be admitted merely to corroborate the witness, or to bolster the witness's credibility in the eyes of the jury.[19]

In this case, the six-year-old's hearsay statements were introduced during the direct examination of the sheriff's investigator, a State's witness, rather than as part of an effort to rehabilitate the child witness after the veracity of her trial testimony was attacked during cross-examination. Moreover, our review of the transcript shows that when cross-examining the six-year-old, Woodard did not attempt to impeach the veracity of her testimony, and raised no allegations of recent fabrication, or improper influence or motive.[20] Thus,

---

[15] *Robertson v. State*, 268 Ga. 772 (493 SE2d 697) (1998); *Sterling v. State*, 267 Ga. 209, 213 (477 SE2d 807) (1996).

[16] *Cuzzort*, 254 Ga. at 746 (special concurrence); see McCormick on Evidence, § 251 (1978).

[17] (Emphasis in original.) M. Graham, Federal Practice & Procedure, § 6712 (1997).

[18] See OCGA § 24-3-1 (1995); *Fuller v. State*, 196 Ga. 237, 240 (26 SE2d 281) (1943).

[19] *Fuller*, supra; *Tucker v. State*, 244 Ga. 721, 727 (261 SE2d 635) (1979); *Atlanta &c. R. Co. v. Strickland*, 116 Ga. 439 (42 SE 864) (1902). See *McCord v. State*, 83 Ga. 521 (10 SE 437) (1889); *Crawford v. State*, 139 Ga. App. 347 (228 SE2d 371) (1976); *Seaboard C.L.R. Co. v. Duncan*, 123 Ga. App. 479, 480 (181 SE2d 535) (1971). See generally 58 ALR4th 1022, § 1 [a].

[20] We note that, in response to questions posed during cross-examination, the six-year-old witness stated that she had been brought presents by Santa Claus and the Easter Bunny. However, that questioning, and the responses it elicited, did not amount to a charge

we can only conclude that the prior consistent statement was hearsay evidence improperly admitted to bolster the witness's credibility in the eyes of the jury.

3. The State also argues that the child's hearsay statements were properly admitted under the 1995 amendment to the Child Hearsay Statute.[21] As discussed, the amendment allows the admission into evidence of hearsay statements made by a child under the age of 14 who witnessed an act of physical or sexual abuse inflicted upon another.[22]

In *Thornton v. State*, supra, decided before the Statute was amended in 1995, this Court unanimously held that it was reversible error for the trial court to introduce the hearsay statements of a child witness (of any age) who observed the physical abuse of another child, but was not himself the victim of such abuse.[23] Our ruling in *Thornton* was based upon the language of the then-existing statute, which permitted the admission of only those hearsay statements made by a child *victim* of abuse.[24] Because the 1995 amendment did not exist at the time of *Thornton*, we did not reach the constitutional implications of admitting a child witness's hearsay declarations in that decision. Thus, *Thornton* is not controlling in this matter. However, the present appeal requires us to decide whether the 1995 amendment can withstand constitutional scrutiny. As explained below, we conclude that the amendment creates disparate classes of identically-situated criminal defendants, in violation of the Equal Protection Clauses of our State and Federal Constitutions,[25] and thus we are obligated to strike it down.

A criminal statute violates equal protection if it treats similarly-situated individuals differently by creating disparate categories among them.[26] When considering an equal protection challenge in criminal matters, individuals are "similarly situated" only if they are

---

that the witness's testimony on direct examination was a recent fabrication. Assuming without deciding that the questioning might have touched upon the witness's general credibility, as explained above, prior consistent statements are not admissible to bolster general credibility. Accordingly, we conclude that the veracity of the child witness's testimony was not placed in issue during cross-examination, and thus the introduction of her prior consistent statement was not authorized.

[21] Contrary to the dissent's assertion, the transcript shows that this issue was preserved in the trial court for this Court's review on appeal.

[22] Ga. L. 1995, p. 937. The language added to the statute pursuant to the amendment provides that: "A statement made by a child under the age of 14 years describing any act of sexual conduct or physical abuse performed . . . with or on another in the presence of the child is admissible in evidence." See n. 2, and accompanying text.

[23] *Thornton*, 264 Ga. at 565-566.

[24] Id.

[25] See Ga. Const. (1983) Art. I, Sec. I, Par. II; U. S. Const., Amend. 14, Sec. 1.

[26] *Sims v. State*, 260 Ga. 782, 783 (399 SE2d 924) (1991).

charged with the same crime or crimes.[27] In other words, for equal protection purposes, all criminal defendants are not similarly situated, but all defendants accused under the Code of child molestation are similarly situated.[28]

Under the 1995 amendment to the Statute, the consistent hearsay statement of an adult who witnesses an act of molestation and is available to testify at trial is not admissible in normal circumstances. Nor does the Statute allow the admission of a consistent hearsay statement made by a child over the age of 14 who witnesses that same act of molestation and who also is available to testify. However, the Statute *does* permit the admission into evidence of a consistent hearsay statement made by a child *under* the age of 14 who witnesses that *exact same act of molestation,* and who also is available to testify at trial. Thus, the amendment creates disparate categories of defendants charged with molestation, some of whom must defend against more evidence than others.

This can best be explained by hypothetical example. Defendants A, B and C are charged with molesting the same victim in separate acts committed on the same day. Defendant A's act is witnessed by the victim's 40-year-old aunt, and she immediately tells her neighbor what she witnessed. The aunt's hearsay statement is not admissible under the amended statute at Defendant A's trial. Later that same day, Defendant B's act of molestation is witnessed by the victim's 15-year-old brother, and he immediately tells the same neighbor what he saw. The 15-year-old's hearsay statement is not admissible under the amended statute at Defendant B's trial, either. Still later that same day, Defendant C's act of molestation is witnessed by the victim's 13-year-old cousin, and she, too, tells the same neighbor what she saw. Under the 1995 amendment to the Statute, the 13-year-old's hearsay statement is admissible at Defendant C's trial. Defendant C's crime is the same as Defendants A and B, and each crime was witnessed by only one person. Yet, because the witness to Defendant C's crime was under the age of fourteen, her hearsay statement is admissible at his trial, while the hearsay statements against the other two defendants are not admissible at their trials.

Thus, the Statute creates a disparity in the substantive evidence admissible against criminal defendants charged with identical acts of molestation, based on nothing more than the age of the hearsay declarant. If the declarant is under the age of 14, more evidence will be admissible against a defendant than if the declarant is over the age of 14. The amendment's distinction based upon a declarant's age

---

[27] *Reed v. State,* 264 Ga. 466, 467 (448 SE2d 189) (1994); *Sims,* supra.
[28] See *Sims,* supra.

creates different classes of identically situated defendants, in violation of the Equal Protection Clause.

We cannot identify any rational basis for this disparity. The compelling reasons that support the admission of hearsay statements made by a child victim of physical or sexual abuse are not applicable to children who witness, but are not subjected to, abuse. As noted, the Statute's admission of hearsay statements made by child victims has been upheld consistently, most recently in *Thornton*, supra. There are several compelling reasons for allowing a child victim's hearsay statements to come into evidence, including (1) society's desire to spare children who are subjected to abuse from further unnecessary trauma in the courtroom; (2) ensuring that the jury hears the statement of a child who has been traumatized by abuse and is psychologically unable to recount that incident while testifying; and (3) to protect the rights of victimized children who cannot defend those rights for themselves.

These same public policy reasons, however, do not support admitting the hearsay statements of children who only witness acts of physical or sexual abuse. The hearsay statements of children younger than 14 who witness violent crimes that do not involve physical or sexual abuse,[29] such as assault, are not admissible per se in criminal prosecutions against the perpetrators of those crimes. The impact on a child witness to a violent criminal act is, we believe, the same regardless of the crime that is witnessed. Nothing about the crime witnessed distinguishes a child who observes the assault of a parent from another child who witnesses the physical or sexual abuse of a sibling. Both are repugnant, and both can be equally damaging to the child witness's psyche. Yet the hearsay statement of the child who witnesses the assault is presumptively inadmissible, while the hearsay statement of the child observing the abuse is presumptively admissible. We believe that this illogical anomaly illustrates the lack of any rational basis for the disparity created by the amended statute.

In conclusion, the 1995 amendment to the Child Hearsay Statute has created disparate classifications among similarly situated individuals, all of whom have been charged under the same criminal Code section with the same crime, with no rational basis for doing so. Because it violates well established principles of equal protection, the 1995 amendment to the Statute must be struck down as unconstitutional.[30]

---

[29] See n. 2, supra, and accompanying text.

[30] Because of our ruling that the 1995 amendment violates equal protection, we need not address Woodard's arguments that (1) the amended statute has created a crime-specific exception to the rule against prior consistent hearsay statements, and a new code of evi-

4. The consistent hearsay statements of the child witness in this case are not admissible under this Court's precedent. Nor are they admissible under the 1995 amendment to the Child Hearsay Statute, since that amendment is unconstitutional. The erroneous admission of the witness's hearsay statements is only reversible if it appears likely that the hearsay contributed to the guilty verdict. The only substantive evidence admitted against Woodard was the testimony of two girls; one of whom was the five-year-old victim, and the other of whom was the six-year-old witness. The six-year-old's testimony was improperly bolstered with her consistent hearsay statements. This Court has previously noted the unique and distinct problems that confront defense counsel when cross-examining children in molestation cases.[31] Admitting consistent hearsay statements to bolster such witnesses can only exacerbate those difficulties. Taking that factor into consideration, and given the limited substantive evidence introduced against Woodard at trial, we have no choice but to conclude that the inadmissible hearsay evidence did contribute to the verdict in this case, and thus the trial court erred in denying Woodard's motion for new trial.

*Judgment reversed. All the Justices concur, except Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

I fully concur in Divisions 1 and 2 of the majority opinion. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985) is clearly not decisional authority for the admission of the child witness's statements, because her veracity was never placed in issue by affirmative charges of recent fabrication, improper influence or improper motive. Although OCGA § 24-3-16, as amended in 1995, is statutory authority for admission of the statements, the majority holds in Divisions 3 and 4 that that statute violates the equal protection clause. In my opinion, we have no jurisdiction to so hold because the only constitutional challenge which was ever raised and ruled on below was that OCGA § 24-3-16 violates the confrontation clause of the Sixth Amendment. As against this challenge, I believe that OCGA § 24-3-16, as amended, comports with the confrontation clause and, thus, that the trial court did not err in admitting the child witness's statements pursuant to that statute. Accordingly, I respectfully dissent to the reversal of Woodard's conviction.

Woodard's unsuccessful constitutional challenge to OCGA § 24-3-16 was based entirely upon the Sixth Amendment right of confronta-

---

dence applicable only in molestation prosecutions, and (2) the amended statute violates the Confrontation Clause of our State and Federal Constitutions.

[31] *Sosebee*, supra.

tion. Woodard did not raise, and the trial court did not rule upon, any equal protection challenge to this statute. Since the trial court upheld the statute against an attack based solely on confrontation grounds, this Court's review must also be so limited. *Reed v. State*, 264 Ga. 466, fn. 2 (448 SE2d 189) (1994). See also *Chanin v. Bibb County*, 234 Ga. 282, 292 (5) (216 SE2d 250) (1975). Compare *Sams v. Olah*, 225 Ga. 497, 498 (1) (169 SE2d 790) (1969).

OCGA § 24-3-16 requires that the child victim or child witness be available to testify and that the circumstances of the statement provide sufficient indicia of reliability. Furthermore, the statute, as construed, does not require that a defendant call the child in order to exercise his right of confrontation. *Sosebee v. State*, 257 Ga. 298, 299 (357 SE2d 562) (1987). Because of these safeguards, this Court has repeatedly rejected confrontation clause challenges to the statute. *Thornton v. State*, 264 Ga. 563, 567 (2) (e) (449 SE2d 98) (1994); *Allen v. State*, 263 Ga. 60 (2) (428 SE2d 73) (1993). The 1995 amendment changed none of these safeguards, but only broadened the statute's coverage to encompass the statements of certain child witnesses, in addition to those of child victims. Therefore, I believe that we must continue to uphold OCGA § 24-3-16 as against constitutional challenges based only on the federal constitutional right of confrontation.

Woodard's equal protection challenge was not raised or ruled upon in the trial court, OCGA § 24-3-16 is not otherwise unconstitutional, and the trial court did not err in admitting the statements of the child witness. Thus, the judgment of conviction must be affirmed.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED MARCH 2, 1998 —
RECONSIDERATION DISMISSED APRIL 2, 1998.

*Thomason & Blackmon, Dennis T. Blackmon,* for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Suzanne C. Wilson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, David S. McLaughlin, Assistant Attorney General,* for appellee.

*J. Tom Morgan, District Attorney, Stone Mountain Circuit, Robert M. Coker, Assistant District Attorney,* amicus curiae.