S99A1758. ABRAMS v. THE STATE.
(525 SE2d 86)

SEARS, Justice.

Appellant Roosevelt Abrams was convicted of malice murder in the stabbing death of his sister, Rosie Johnson, and was sentenced to life in prison.[1] On appeal, he contends, among other things, that the trial court erred in permitting Katrina Douglas to testify about statements that Abrams made to her at the crime scene. We conclude, however, that the trial court did not err in permitting Douglas to testify. Finding no merit to Abrams's other contentions, we affirm.

---

[1] The crime occurred on February 18, 1998. Abrams was indicted on June 2, 1998, and was tried before a jury on November 17-18, 1998. The jury returned a verdict of guilty on November 18, and the trial court sentenced Abrams to life in prison on November 19, 1998. Abrams filed a motion for new trial on December 11, 1998. The court reporter certified the transcript on July 7, 1999. The trial court denied Abrams's motion for new trial on August 9, 1999, and Abrams filed a notice of appeal on August 17, 1999. The appeal was docketed in this Court on August 25, 1999, and was submitted for decision on briefs on October 18, 1999.

The evidence would have authorized a rational trier of fact to find that in February 1998 Johnson called Katrina Douglas, and asked her to come to Macon from her home in Cleveland, Ohio, to help with Abrams's drinking problem. Abrams and Douglas had entered into a ceremonial marriage in 1985, but were divorced in 1986. They subsequently had lived together until 1993. Douglas arrived in Macon on February 16, 1998. One night after Douglas arrived at Rosie Johnson's house, Abrams called her out to the living room. Douglas found Rosie Johnson sitting in a chair, eyes closed, with blood on her left side. Abrams then said to Douglas: "I killed her because I am tired of her F'ing over me." He also told Douglas "[y]ou're next." Douglas then went to the bus station and boarded a bus to take her back to Cleveland. She was detained in Nashville until Georgia authorities could speak with her. The victim died of a stab wound to the chest that cut her aorta.

Detective Chris Williams took a statement from Abrams on February 19, 1998. Detective Williams testified that Abrams's statement included the following: "From the bottom of my heart and before God, I don't remember nothing concerning that. All I know is when I got back I saw her sitting there dead. Katrina made the statement that I did it, I did do it, and I took her word for it."

1. In his first enumeration of error, Abrams contends that he and Douglas had a common law marriage, that the statements that he made to Douglas on the night of the crime were privileged under OCGA § 24-9-21 (1), and that the trial court erred in permitting Douglas to testify as to those statements over Abrams's objection. We conclude, however, that there was evidence to support the trial court's finding that Abrams and Douglas did not have a common law marriage.[2] Accordingly, we conclude that the trial court did not err in permitting Douglas to testify.

2. In his second enumeration of error, Abrams contends that the trial court erred in permitting a police officer to testify to a statement that Douglas made to her that was consistent with Douglas's trial testimony. Abrams contends that the testimony was inadmissible hearsay, and that, as for the necessity exception to the rule against hearsay, the necessity requirement was not satisfied since Douglas testified at trial. The State responds that Douglas's statement was admissible as a prior consistent statement. We conclude that, even if Douglas's statement should have been excluded from evidence,[3] the

---

[2] *Jordan v. State*, 267 Ga. 442, 446 (480 SE2d 18) (1997) (the decision of a trial court as to the existence of a common law marriage will not be disturbed on appeal if there is any evidence to support it).

[3] See *Woodard v. State*, 269 Ga. 317, 318-321 (496 SE2d 896) (1998), for the requirements for admitting a statement of a witness as a prior consistent statement.

error in admitting it was harmless as Douglas testified to the same events at trial as those portrayed in her statement.[4]

3. Contrary to Abrams's contention in his final enumeration of error, we conclude that the evidence is sufficient to support the verdict.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 18, 2000 —
RECONSIDERATION DENIED FEBRUARY 11, 2000.

*Walter J. Lane, Jr.,* for appellant.

*Charles H. Weston, District Attorney, Henry O. Jones III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.

---

[4] See *Simon v. State,* 269 Ga. 208, 209 (497 SE2d 231) (1998); *Roper v. State,* 263 Ga. 201, 203 (2) (429 SE2d 668) (1993).
[5] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).