## A00A1578. ASTUDILLO v. THE STATE.
### (536 SE2d 271)

Phipps, Judge.

Martin Astudillo appeals his convictions of the rape, armed robbery, and kidnapping of S. H. and of the burglary of her residence. Relying on *Woodard v. State,*[1] Astudillo charges the trial court with error in admitting in evidence a prior statement of S. H. which was consistent with her trial testimony. We find no harmful error and affirm.

The State's evidence showed that at approximately 3:00 a.m. on July 1, 1996, Astudillo broke into S. H.'s apartment and raped her at knifepoint. During a struggle which preceded the rape, S. H.'s hand was cut with the knife. Fearing for her life, she then ceased struggling and begged Astudillo to wear a condom, which he did. After the rape, Astudillo forced S. H. to go through the apartment in search of money. He fled with a small amount of change. S. H. immediately alerted the police to the rape. She was taken to a hospital where she was treated for the knife wound, and a rape examination was performed. Afterward, she was taken to the police station where she gave a City of Atlanta police detective an account of the incident.

At approximately 5:00 a.m. on July 13, Astudillo broke into S. H.'s apartment again. After being confronted by S. H.'s mother, who had come to stay with her after the rape, Astudillo fled. Police apprehended him in the vicinity, and S. H. identified him as her assailant. DNA taken from the condom worn by the rapist matched Astudillo's DNA.

Astudillo testified that on July 1, S. H. enticed him into her apartment, had consensual sex with him, and then cut herself with the knife after attacking him with it. According to Astudillo, he was simply walking in the vicinity of his residence on July 13 when the police arrested him.

At trial, the Atlanta police detective who took S. H.'s pretrial statement was allowed to read the statement to the jury, over a defense objection of improper bolstering. The trial court overruled

---

[1] 269 Ga. 317 (496 SE2d 896) (1998).

the objection.

In *Cuzzort v. State*,[2] a prior statement of a child molestation victim consistent with her trial testimony was admitted to rebut defense counsel's questioning concerning the possibility of recent fabrication and improper influence. Noting that the victim's veracity had been placed in issue and that at trial she was under oath and subject to cross-examination, the majority in *Cuzzort* held that her prior consistent statement was admissible as substantive evidence. Cases such as *Still v. State*[3] held that under *Cuzzort* a prior consistent statement of a witness is admissible as long as the witness is under oath and subject to cross-examination. But in *Woodard v. State*,[4] the Court later disapproved this line of cases as a misinterpretation of *Cuzzort*. *Woodard* reaffirms that a prior consistent statement of a witness is not admissible unless (1) the veracity of the witness's trial testimony has been placed in issue at trial, (2) the witness is present at trial, and (3) the witness is available for cross-examination. Additionally, *Woodard* holds that a witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination.[5] Otherwise, "the witness's prior consistent statement is pure hearsay evidence which cannot be admitted merely to corroborate the witness, or to bolster the witness's credibility in the eyes of the jury."[6] Although *Woodard* was decided after Astudillo's trial, it is applicable because it did not create a new rule but rather corrected a misinterpretation of a prior decision.[7]

As argued by Astudillo, his objection to admission of S. H.'s prior consistent statement as improper bolstering should have been sustained under *Cuzzort* as clarified in *Woodard*, because there was no charge of recent fabrication or of improper influence or motive. The question is whether overruling the objection was harmful error. We hold that it was not. Before the statement was admitted through the testimony of the police detective, S. H. testified without objection that she had given a pretrial statement to the detective and that it was consistent with her trial testimony. Moreover, given S. H.'s immediate complaint to the police and submission to a rape examination, it was obvious that she was maintaining from the outset that

---

[2] 254 Ga. 745 (334 SE2d 661) (1985).

[3] 260 Ga. 463, 464 (3) (b) (396 SE2d 898) (1990).

[4] 269 Ga. at 319, n. 14.

[5] Id. at 320 (2).

[6] (Footnotes omitted.) Id.

[7] See *Fleming v. State*, 233 Ga. App. 483, 490 (504 SE2d 542) (1998) (Eldridge, J., concurring specially), rev'd on other grounds, 271 Ga. 587 (523 SE2d 315) (1999); compare *King v. State*, 270 Ga. 367, 372 (3) (509 SE2d 32) (1998).

she had been raped. Under the circumstances, it does not appear likely that the reading of the statement contributed to the verdict.[8]

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED JUNE 23, 2000.

*Jennifer N. Foster, Steven E. Phillips*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Christopher M. Quinn*, Assistant District Attorney, for appellee.

---

[8] See generally *Woodard v. State*, supra, 269 Ga. at 324 (4).