## S03A0473. BAUGH v. THE STATE.
### (585 SE2d 616)

BENHAM, Justice.

Appellant Dionne Andrea Baugh appeals the judgment of conviction entered against her after a jury found her guilty of malice murder, theft by taking, and financial transaction card fraud in connection with the death of Lance Herndon.[1]

1. The victim's mother found him in his bed after he had not been seen in his office. His head was bloodied and her efforts to revive him were unsuccessful. The medical examiner who performed the autopsy testified the victim had received a single, non-fatal blow to the back of the head that possibly disoriented him, and multiple blows to the front and right side of his face that crushed all the facial bones inward and caused death. When presented with a wrench identified by the victim's housekeeper as similar to the one on a household counter before the victim's death and missing since, the medical examiner testified the wrench could have inflicted the fatal blows. DNA found under the victim's fingernails was determined to be that of the victim and that of appellant. A forensic expert testified that two head hairs and one pubic hair lifted from the victim's nude body

---

[1] The crimes occurred in the early morning hours of August 8, 1996. On February 3, 1998, the Fulton County grand jury returned a true bill of indictment charging appellant with malice murder, felony murder (aggravated assault), aggravated assault, theft by taking a laptop computer from the victim, theft by taking jewelry from the victim, and financial transaction card fraud. Appellant's jury trial commenced on April 9, 2001, and concluded on April 17 when the jury returned guilty verdicts on all counts. The trial court sentenced appellant on April 20 to life imprisonment on the malice murder conviction, a concurrent five-year sentence for theft by taking, and a concurrent two-year sentence for financial transaction card fraud. The felony murder conviction was vacated by operation of law (*Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993)), and the aggravated assault conviction merged as a matter of fact into the malice murder conviction. Id. at 372 (5). The trial court merged the two theft by taking convictions into one after finding all the property was taken from one victim. Appellant filed a motion for new trial on May 2, 2001, and amendments thereto on August 8, 22, and 23, and September 10, 2002. The trial court denied the motion for new trial on September 18, 2002, and the amended motion for new trial on December 4, 2002. A notice of appeal was filed on September 24, 2002, and the appeal was docketed in this Court on December 6. Oral argument was heard on April 14, 2003.

were similar enough to samples obtained from appellant that they could have originated with appellant. A blood spatter expert testified that the assailant was on the bed, possibly straddling the victim, at the time the wounds were inflicted.

The State also presented evidence that appellant, one of several of the victim's lovers, had been arrested for criminal trespass outside the victim's home a month earlier and the court date for the charges was the day the victim was found dead. While appellant told police that the victim had visited her in her home the evening before he was found dead, telephone records and witnesses who spoke with the victim as reflected in the records indicated he was at his home at that time. Police found several documents awaiting the victim's signature in a search of appellant's purse nine days after the victim was killed. One document stated the car appellant was driving had been purchased by the victim and, in the event of his death, the title should be given to appellant; another was a purported agreement between appellant and the victim acknowledging the existence of their romantic relationship and stating the car would belong to appellant if appellant stayed in the relationship until July 1998; the third unsigned document was the victim's purported summary of the circumstances of the criminal trespass case against appellant and his desire that the charges be dropped. A laptop computer missing from the victim's business office in his home and valued at $3,500 was found in appellant's possession without the carrying case the victim insisted be used when it was borrowed. There was also evidence that appellant, giving the name Dionne Herndon, used a credit card issued to the victim to purchase furniture the day the victim was found dead.

Appellant contends the circumstantial evidence presented by the State was not sufficient to authorize her convictions.

> [T]he correct rule for determining the sufficiency of the evidence in convictions based entirely on circumstantial evidence is that questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law. [Cit.]

*Roper v. State*, 263 Ga. 201 (1) (429 SE2d 668) (1993). "After reviewing the evidence [in this case] in a light most favorable to the prosecution, we find that the evidence is sufficient to have authorized the jury to find that the state excluded all reasonable hypotheses except

that of the defendant's guilt, and to have authorized any rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." Id. at 202.

2. Citing *Woodard v. State*, 269 Ga. 317 (2) (496 SE2d 896) (1998), appellant contends the trial court erred when it permitted the lead investigating detective to testify to the contents of the out-of-court statements made to him by five witnesses (two employees of the victim, two former girlfriends of the victim, and the former mother-in-law of appellant) who had been called by the State and had testified before the detective was called. Appellant also contends the investigator's testimony amounted to testifying to the ultimate issue in the case and rendering improper opinion testimony.

After the detective recited what a witness had said in her out-of-court statement, the detective was then asked what appellant had said on the same subject in her statements to police, thereby repeatedly demonstrating an inconsistency between appellant's statements and those made by various witnesses. In *Woodard* at 320, we pointed out that a witness's prior consistent statement is admissible at trial "only where (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination." See also *Coburn v. State*, 252 Ga. App. 315 (4) (c) (555 SE2d 750) (2001); *Astudillo v. State*, 244 Ga. App. 612 (536 SE2d 271) (2000); *Phillips v. State*, 241 Ga. App. 764, 766 (527 SE2d 604) (2000); *Jenkins v. State*, 235 Ga. App. 53 (1) (508 SE2d 710) (1998). We went on to hold that "a witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination." *Woodard*, supra, 269 Ga. at 320. See also *Mancill v. State*, 274 Ga. 465 (2) (554 SE2d 477) (2001). When there are no allegations of recent fabrication, or improper influence or motive on cross-examination, "[t]he prior consistent statement [is] hearsay evidence improperly admitted to bolster the witness's credibility in the eyes of the jury." *Woodard*, supra, 269 Ga. at 321.

In the case at bar, the five witnesses testified and were subject to cross-examination before the investigating detective testified. During the cross-examinations of four of those witnesses, the defense did not suggest that the witness's trial testimony was a recent fabrication or the product of improper motive or influence.[2] As in *Woodard*, the

---

[2] During the cross-examination of appellant's ex-mother-in-law, defense counsel suggested that it was not until appellant and the witness's son were going through a divorce that the witness had first told police about the statement she testified appellant made to her. This was a suggestion that the witness's trial testimony and her prior consistent state-

hearsay statements were introduced during the direct examination of the investigating officer and were not used to rehabilitate the credibility of the maker of the prior consistent statement after the veracity of the maker's trial testimony had been attacked. Instead, the State used the prior consistent statements of the witnesses to impeach the defendant by presenting to the jury through one witness the inconsistencies between appellant's out-of-court statements to police and the out-of-court statements made by other people. Since prior consistent statements are admissible only "to rebut a charge that a witness is motivated or has been influenced to testify falsely or that [her] testimony is a recent fabrication," (*Woodard*, supra, 269 Ga. at 320), and the veracity of four of the witnesses was not affirmatively placed in issue, the witnesses' prior consistent statements were pure hearsay and inadmissible to corroborate the witnesses or bolster their credibility before the jury. Id. at 320. See also *Astudillo*, supra, 244 Ga. App. 612; *Phillips*, supra, 241 Ga. App. at 766.

The question then becomes whether the error was harmful. We have often said that the erroneous admission of hearsay is harmless error where legally admissible evidence of the same fact is introduced. See, e.g., *Felder v. State*, 270 Ga. 641 (8) (514 SE2d 416) (1999). However, that rationale is inapplicable when the hearsay is the prior consistent statement of a testifying witness whose veracity has not been attacked. This is so because the very nature of a prior consistent statement is that it is repetitive of that to which the witness has already testified. Instead, when the hearsay is a witness's prior consistent statement, the erroneous admission of the witness's hearsay statement is reversible error "if it appears likely that the hearsay contributed to the guilty verdict." *Woodard*, supra, 269 Ga. at 324. To the extent that *Abrams v. State*, 272 Ga. 63 (2) (525 SE2d 86) (2000) and *Carter v. State*, 238 Ga. App. 708, 711 (520 SE2d 15) (1999), hold that the erroneous admission of a prior consistent statement is harmless error because the witness testified to the same events at trial, they are overruled.

After reviewing the trial transcript in the case at bar, we conclude that the erroneous admission of the prior consistent statements constituted harmful error. The State's case was one entirely of circumstantial evidence and credibility, and the improper bolstering of the State's witnesses "added critical weight" to the State's case. See *Phillips v. State*, 241 Ga. App. 764, 767 (527 SE2d 604) (2000). Furthermore, several of the prior consistent statements contradicted a material point of appellant's statement to police — the victim's

ment were the result of the witness's animus toward appellant as a result of the divorce proceedings.

whereabouts shortly before he was killed. Compare *Robinson v. State*, 246 Ga. App. 576 (5) (541 SE2d 660) (2000), where it was determined the erroneous admission of prior consistent statements identifying the defendant as one of the people who had assaulted and robbed the victim did not likely contribute to the verdict since the defendant contended only that it was his co-defendant who carried the gun and struck the victim.

In light of our reversal of the judgment of conviction, the remaining enumerated errors need not be addressed since they are not likely to recur on retrial.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 10, 2003.

*Garland, Samuel & Loeb, Donald F. Samuel, William C. Lea, Axam, Adams & Secret, Tony L. Axam,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anna E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General,* for appellee.