[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is Defendants' motion for a mistrial based on the admission of testimony, which, according to Defendants, is hearsay, not falling within one of the hearsay exceptions. Plaintiffs have objected timely.
 The Evidence in Question
Defendant Robert Carrellas ("Defendant") objects to the testimony offered by on of Plaintiffs' witnesses, Mrs. DeAscentis, in which she recounted a conversation with Plaintiff Peter Vargas ("Vargas"). Mrs. DeAscentis testified that Vargas informed her that he spoke with Defendant to recount the symptoms his son, Richard Vargas ("Richard"), was displaying. According to Mrs. DeAscentis, Vargas then informed her that Defendant told Vargas to bring his son in the following day, essentially refusing to check on Richard that same day.
Plaintiff contends that this evidence was a prior consistent statement, admissible pursuant to Rule 801(d)(1)(B), as non-hearsay to rebut the Defendant's opening statement, which implied that Vargas lied about speaking with Defendant. Plaintiff further contends that Rules 803(1) and 803(2) also permit the introduction of these statements as present sense impression and excited utterance, respectively. Furthermore, Plaintiff asserts that DeAscentis' testimony did not constitute inadmissible, multiple hearsay because each level of hearsay satisfies a hearsay exception. Finally, Plaintiff argues that Defendant was not substantially prejudiced by DeAscentis' testimony, such that a mistrial is inappropriate.
Conversely, Defendant argues that DeAscentis' testimony did not satisfy the four elements necessary to admit a prior consistent statement. Specifically, Defendant claims that the following three elements — the declarant must testify at trial and be subject to cross-examination, the declarant must have been impeached by an express or implied charge of recent fabrication, and the proponent must offer a prior statement that is consistent with the declarant's challenged in-court testimony — were absent. Finally, Defendant contends that DeAscentis' testimony represented three layers of hearsay, of which each layer must satisfy a hearsay exception.
 Standard of Review — Mistrial
Our Supreme Court determined "that a decision to pass a case and declare a mistrial lies within the sound discretion of the trial justice." State v. Villafane, 760 A.2d 942, 944 (R.I. 2000). "Because `he or she possesses a front row seat at the trial and can best determine the effect of the improvident remarks upon the jury,' the trial justice's determination will be given great weight and will not be disturbed unless it is shown to be clearly wrong. Id. (citing, State v. Kryla,742 A.2d 1178, 1186 (R.I. 1999).
 Multiple Hearsay
In the instant case, two levels of hearsay are present in Mrs. DeAscentis's testimony. The first level of hearsay is the conversation between Mrs. DeAscentis and Vargas. The second level of hearsay is the conversation between Defendant and Vargas. The first level of hearsay is overcome by the prior consistent statement exception, or in the alternative, the present sense impression exception, each discussed below. The second level of hearsay is overcome by admission against a party opponent discussed below.
 Prior Consistent Statements
Rule 801(d)(1)(B) governs whether prior consistent statements are admissible. That Rule states in pertinent part:
 (d) Statements which are not hearsay. A statement is not hearsay if —
 (1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive . . .
A statement is not hearsay, and admissible as a prior consistent statement under Rule 801(d)(1)(B), if it meets the following four requirements:
 1) the declarant testifies at trial and is subject to crossexamination;
 2) the prior statement is consistent with the declarant's trial testimony;
 3) the statement is offered to rebut an express or implied charge of recent fabrication or improper motive; and,
 4) the statement was made before the declarant had a motive to fabricate. U.S. v. Green, 258 F.3d 683, 690 (2001).
There is a clear split within the jurisdictions as to the timing of the admission of prior consistent statements. Certain jurisdictions mandate that before prior consistent statements become admissible, a witness's credibility must be put at issue during crossexamination. See Woodard v. State, 496 S.E.2d 896
(Ga. 1998) (stating "a witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross examination. . . ."); see also U.S. v. Smith,746 F.2d 1183, 1185 (6th Cir. 1984) (stating "the statement was introduced before the witness making it had even taken the stand . . . [and] the prior-consistent-statement exception simply cannot apply"). Conversely, other jurisdictions have held that prior consistent statements are admissible where a witness's testimony was questioned prior to testifying. See U.S. v. Gonzalez,700 F.2d 196, 200-202 (5th Cir. 1983) (stating that a prior consistent statement of the defendant's wife should have been admitted "in anticipation of the government's inevitable attack on his own testimony"); see also U.S. v. Reed,887 F.2d 1398, 1406 (11th Cir. 1989) (stating a prior consistent statement was admissible where counsel's opening statement questioned a witness's credibility in the opening statement, in which he referred to the witness as a "`con-man', who `concocted it all and made up these lies'" against the defendant).
Our Supreme Court has addressed this issue of a prior consistent statement in State v. Marr, 731 A.2d 690 (R.I. 1999), cited by Defendant. In that case, the Court considered an appeal from a defendant convicted of child molestation. The Court found the trial court erred by admitting the testimony of the victim's mother where the testimony was not offered to rebut a charge of fabricated testimony. However, the defendant in that case did not attempt to discredit the testimony of the victim; rather, the defendant merely testified that he did not molest the victim. Therefore, the credibility of the victim witness was not at issue in that case, and therefore, the case provides little guidance as to the timing requirements of admitting prior consistent statements.
This Court finds the reasoning of the Reed and Gonzalez
Courts persuasive. Again, in order for a prior consistent statement to be admissible, the above-mentioned 4part test must be satisfied. Furthermore, in the instant case, the credibility of Vargas was clearly questioned in defense counsel's opening statement. As a tactical move, counsel could avoid the admission of prior consistent statements by refusing to question the credibility of witnesses during cross-examination, yet accomplish the ultimate goal of instilling credibility questions in the minds of the jurors via opening statements. Accordingly, this Court finds that the testimony qualifies as a prior consistent statement and is admissible.
 Excited Utterance and Present Sense Impression
Rule 803 of the Rhode Island Rules of Evidence provide:
 "[t]he following are not excluded by the hearsay rule, even though the declarant is available as a witness: (1) Present Sense Impression. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter.
 (2) Excited Utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
Under the excited utterance exception, "strict contemporaneity" is not a requirement, rather the declarant need only appear to be "still laboring under the stress of the nervous excitement engendered by the event he describes." State v. Vaccaro,298 A.2d 788, 790 (R.I. 1973). "The test that must be applied is whether, under the facts of the particular case, the statements were spontaneous or impulsive or, on the other hand, were the product of reflection and deliberation." Id.
In the instant case, Vargas was certainly still under the stress of speaking with Defendant, and Vargas's statement to Mrs. DeAscentis was neither the product of deliberation nor reflection. However, according to the language of the rule, the utterance must relate to excitement caused by an event or condition and must be the product of some real emotional reaction to that event. See Id. (Finding an excited utterance where the declarant "observing defendant shooting the victim."); seealso (finding no excited utterance when the Court was "unable to discern any startling event that would result in a statement . . . that was free from conscious fabrication"); see alsoState v. Momplaisir, 815 A.2d 65, 70 (R.I. 2003); see alsoState v. Burgess, 465 A.2d 204 R.I. 1983) (finding an excited utterance must be "an effusive response to a startling event"). Therefore, this Court finds that the excited utterance exception is not applicable to the instant case.
However, the present sense impression exception relies on a different rationale to guarantee the accuracy of the statement. Present sense impression relies on the fact that the contemporaneity of the event and statement "negative the likelihood of deliberate or conscious misrepresentation." Advisory Committee's Note to FRE 803(1). Therefore, the present sense impression exception is applicable to the instant case because the statement to Mrs. DeAscentis was made contemporaneously with the phone call to Defendant. Accordingly, sufficient circumstantial guarantees of trustworthiness exist so as to justify the admission of the statement. In U.S. v.Peacock, 654 F.2d 339, 350 (5th Cir. 1981), the Court found
 "Darrell's comments to his wife were properly admitted as present sense impressions. Fed.R.Evid. 803(1). Rule 803(1) provides that `(a) statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter' is not excluded by the rule against hearsay. The underlying theory of this exception `is that substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation.' Advisory Committee Note to Rule 803(1). Darrell repeated Harvey's comments to his wife immediately after talking with Harvey on the phone. There was no time for him to consciously manipulate the truth. Both the letter and purpose of Rule 803(1) are severed by admitting Harvey's declaration. See Doss v. Apache Powder Co., 430 F.2d 1317 (5th Cir. 1970)."
For these reasons, this Court finds the present sense impression hearsay exception is applicable to the testimony in question.
 Admission against a Party Opponent
Rule 801(d)(2)(A) provides that statements are admissible non-hearsay where "[t]he statement is offered against a party and is the party's own statement, in either the party's individual or a representative capacity." In order for the admission by a party opponent to apply, advanced warning of the presentation of that evidence is NOT necessary. See Beaton v. Malouin,845 A.2d 298, 303 (R.I. 2004) (finding "[t]he rule requiring that the witness must have been warned when on the stand, and asked whether he [or she] had made the statement about to be offered as a self-contradiction * * *, has usually been understood not to be applicable to the use of a party's admissions, i.e., they may be offered without a prior warning to the party").[1]
Accordingly, as the testimony in question is being offered against a party, here Defendant, and is the party's own statement, it is admissible as an admission against a party opponent.
[1] The Beaton Court further stated: "[s]everal jurisdictions also permit the introduction of extrinsic evidence of a party's admission without advance warning to the party, whether or not the party is on the witness stand The rationale behind this exception to Rule 613 `[t]here is less danger of surprising a party than a witness, and the party will have ample opportunity to deny or explain after the inconsistent statement is proved; as a litigant, the party can simply call himself [or herself] as a witness later.' This Court has also recognized that `where the facts of a case clearly disclose that [a non-party] witness could be reasonably expected to have had full knowledge of the nature of the statement and the circumstances under which it was made, * * * the trial court should not require the formal laying of a foundation.'"