### A00A0899. HEGGS v. THE STATE.
(540 SE2d 643)

PHIPPS, Judge.

Johnny Heggs was indicted for rape and convicted of child molestation. He appeals, claiming three errors. First, he asserts that the trial court incorrectly instructed the jury on child molestation as a lesser included offense of rape. Next, he complains that the trial court refused to give a requested charge on sexual battery. Finally, he claims the evidence was insufficient to support the verdict. Because we find that child molestation should not have been submitted to the jury as a lesser included offense in this case, we reverse Heggs's conviction. Because we reverse on the child molestation issue, we need not address the sexual battery issue. We reject Heggs's insufficiency of the evidence claim.

The indictment charged Heggs "with the offense of RAPE (§ 16-6-1) for that the said accused in the County of Richmond and State of Georgia, on the 6th day of April, 1997, did have carnal knowledge of [A. K.], a female, forcibly and against her will, contrary to the laws of said State, the good order, peace and dignity thereof." Heggs was not indicted for any other offense.

At trial, A. K. testified that in the early morning of April 6, 1997, Heggs drove her to a secluded area and forcibly had sexual intercourse with her despite her pleas for him to stop. She further testified that she was 14 years of age when this event occurred. In his defense, Heggs testified that he and A. K. had consensual intercourse — that she propositioned him to have sex for money.

During the charge conference after the close of the evidence, the court stated that it intended to instruct the jury on child molestation as a lesser included offense of rape. Heggs immediately objected, asserting that child molestation could not be charged as a lesser included offense in this case "because the indictment [made] no mention of [A. K.] being a child under the age of legal consent, in this instance 16." He argued that he had not been properly placed on notice that he could be charged with child molestation. Over Heggs's objection, the court instructed the jury:

Now, Members of the Jury, embraced within the charge of

rape is a lesser included offense of child molestation. And I will give you the definition of child molestation. A person commits child molestation when that person does any immoral or indecent act to, or in the presence of, or with, any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.

Further, the court instructed the jury that: "[T]he form of your verdict would be either, 'We the Jury, find the defendant' — it would be either 'guilty,' or, 'not guilty,' or, 'guilty of child molestation.' " The jury found Heggs "Guilty of Child Molestation."

1. The trial court may, of its own volition and in its discretion, charge on a lesser crime of that included in the indictment.[1] But " '[i]t is an elementary principle of criminal procedure that no person can be convicted of any offense *not* charged in the indictment.' "[2] "Due process of law requires that the indictment . . . put the defendant on notice of the crimes with which he is charged and against which he must defend."[3]

"[I]n order for a conviction of a lesser crime to be warranted, the greater must either necessarily include within itself all of the essential ingredients of the lesser, or, if not necessarily included, but may or may not be involved according to the circumstances of the particular case, the indictment must itself, in describing the manner in which the higher offense was committed, contain all of the averments necessary to constitute the lower."[4]

Child molestation is not included within rape as a matter of law because, unlike rape, child molestation requires proof that the victim is under the age of 16.[5] However, child molestation becomes included as a matter of fact if the victim is under the age of 16 (previously 14).[6] But here, the rape indictment did not allege that the victim was under the age of 16, which is an essential element of the offense of child molestation. Therefore, we find that Heggs was not placed on notice that he should be prepared to defend himself against the

---

[1] *State v. Stonaker*, 236 Ga. 1, 2 (3) (222 SE2d 354) (1976).

[2] (Emphasis supplied.) *McCrary v. State*, 252 Ga. 521, 523 (314 SE2d 662) (1984), quoting *Goldin v. State*, 104 Ga. 549, 550 (30 SE 749) (1898).

[3] *McCrary*, supra, 252 Ga. at 524.

[4] Id., quoting *Watson v. State*, 116 Ga. 607, 612 (43 SE 32) (1902); accord *Strickland v. State*, 223 Ga. App. 772, 773-774 (1) (a) (479 SE2d 125) (1996).

[5] Compare OCGA §§ 16-6-1 (a) (rape) and 16-6-4 (a) (child molestation).

[6] See *Pruitt v. State*, 258 Ga. 583, 589 (13) (e) (373 SE2d 192) (1988), citing *Parker v. State*, 256 Ga. 543, 548-549 (2) (350 SE2d 570) (1986); see also generally OCGA § 16-6-4 (age 16).

charges of rape and child molestation. Had he been on such notice, he may not have chosen to take the witness stand and testify that he had consensual intercourse with A. K. Thus we find that due process will not allow the conviction for child molestation to stand.

Contrary to the State's argument, *Parker v. State*[7] does not demand a different result. Its comparison to this case merely highlights the fact that the defendant may waive constitutional notice objections by requesting a lesser included instruction.[8] Where a case contains some evidence, no matter how slight, that the defendant committed a lesser offense than that for which he was indicted, the court should grant the defendant's request to charge on the lesser offense.[9] Unlike the defendant in *Parker*, Heggs did not request a lesser included instruction on child molestation.

We also reject the State's argument that Heggs may not contest the appropriateness of the instruction on child molestation because he did not restate his objection after the instruction was given or reserve objections to the court's charge. It is debatable whether a criminal defendant must restate an objection to a jury instruction that he made at a charge conference to preserve error for appellate review.[10] That notwithstanding, the Georgia Code directs, "[T]he appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made . . . or not."[11] Here, the erroneous lesser included instruction allowed Heggs to be convicted of an offense which was not properly before the jury. Even assuming that counsel's objection at the charge conference did not otherwise preserve the matter for appellate review, we find the error in the charge to be substantial and harmful as a matter of law.

2. Next, Heggs argues that the trial court erred in refusing to give a requested charge on sexual battery. We need not address this issue because we have determined on other grounds that Heggs's conviction must be reversed.

3. Finally, we reject Heggs's contention that the evidence was insufficient to support the jury's verdict.[12]

*Judgment reversed. Johnson, C. J., and Smith, P. J., concur.*

---

[7] Supra, 256 Ga. at 548-549.

[8] Id. at n. 4.

[9] See *Smith v. State*, 244 Ga. App. 667 (1) (536 SE2d 561) (2000).

[10] Compare *Wilson v. State*, 259 Ga. 55, 58 (6) (376 SE2d 676) (1989); *Dooley v. State*, 221 Ga. App. 245, 246 (3) (470 SE2d 803) (1996).

[11] OCGA § 5-5-24 (c).

[12] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

DECIDED OCTOBER 13, 2000.

*Paul W. David*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.