A07A1633. COOKS v. THE STATE.
(656 SE2d 851)

BERNES, Judge.

A Burke County jury convicted Kelvin Cooks of criminal trespass and simple battery. On appeal, Cooks contends that the trial court erroneously admitted evidence of his prior difficulties with the victim. We disagree and, for the reasons that follow, affirm his convictions.

---

[2] *Megesi*, while citing *Michigan v. Long*, does not follow this clear direction.

Viewed in the light most favorable to the verdict, the evidence at trial shows that Cooks and the victim were embroiled in a bitter custody and visitation dispute involving their five-year-old daughter. Cooks had been physically abusive to the victim on numerous occasions. On one occasion, Cooks attempted to force his way into the victim's residence after which the victim and the police forbade Cooks from returning to the residence.

Cooks nevertheless went to the victim's residence on the morning of August 2, 2005. When the victim opened the front door, Cooks grabbed her arm and attempted to pull her out of the residence. The victim struggled with Cooks and in the process injured her arm. The victim escaped Cooks's grasp and called 911. Cooks meanwhile remained on the property and tried to gain entry to the residence through the windows and the back door. He absconded from the scene when an investigator with the Department of Family and Children Services, who had observed the incident, began blowing her car horn.

He was subsequently arrested and his trial and conviction ensued. Cooks argues that his conviction should be reversed because the trial court admitted evidence of his prior difficulties with the victim without prior notice, a hearing, and a limiting jury instruction. We discern no error.

Prior difficulties between a defendant and the victim are not subject to the notice requirements of Uniform Superior Court Rule 31. *Wall v. State*, 269 Ga. 506, 507-510 (2) (500 SE2d 904) (1998). See also *Camphor v. State*, 272 Ga. 408, 411 (4) (529 SE2d 121) (2000); *Parker v. State*, 283 Ga. App. 714, 721 (4) (642 SE2d 111) (2007). Furthermore, a trial court is not required to give the jury a limiting instruction on prior difficulties evidence in the absence of a request. *State v. Belt*, 269 Ga. 763, 765 (505 SE2d 1) (1998). Because the record fails to show that Cooks made such a request, no error has been shown. Id.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 14, 2008 

*George B. Peters, Jr.*, for appellant.
*Jackson E. Cox II, Solicitor-General*, for appellee.