A08A2253. CONNELLY v. THE STATE.
(673 SE2d 274)

ANDREWS, Presiding Judge.

Early Arnold Connelly appeals from the judgment of conviction entered on jury verdicts finding him guilty of four counts of rape;

---

[1] Dale Nesbit also declined to file a brief in this Court addressing the attorney fees issue.

four counts of incest; and one count each of statutory rape, child molestation, and aggravated sexual battery. For the following reasons, we affirm in part and reverse in part.

1. Connelly claims the evidence was insufficient to support the guilty verdicts. Connelly makes no specific argument with respect to the lack of evidence on any of the 11 counts in the indictment on which he was found guilty. Rather, he generally claims, without any citation to the record, that the victims, his daughter and stepdaughter, were not believable because they made contradictory statements, and that the State presented hearsay testimony.

The State presented evidence, including testimony from Connelly's biological daughter, which showed that Connelly repeatedly engaged in sexual intercourse with the daughter when she was 12 to 16 years old. Evidence that he had sexual intercourse with her on at least two separate occasions forcibly and against her will supported two of the rape convictions. OCGA § 16-6-1. Evidence that he had sexual intercourse with her on at least two additional occasions supported two of the incest convictions. OCGA § 16-6-22. Evidence that he had sexual intercourse with her on at least one additional occasion when she was under the age of 16, along with corroborating evidence, supported the conviction for statutory rape. OCGA § 16-6-3. Evidence that he had sexual intercourse with her on at least one additional occasion when she was under the age of 16 supported the conviction for child molestation. OCGA § 16-6-4 (a).

Evidence was also presented, including testimony from the daughter and stepdaughter, which showed that Connelly repeatedly engaged in sexual intercourse with his physically and mentally handicapped stepdaughter when she was 16 to 19 years old. Evidence that he had sexual intercourse with her on at least two separate occasions forcibly and against her will supported two of the rape convictions. OCGA § 16-6-1. Evidence that he had sexual intercourse with her on at least two additional occasions supported two of the incest convictions. OCGA § 16-6-22.

The State also produced evidence that, after the daughter and stepdaughter told their mother and police about the charged offenses, but before Connelly was taken into custody, he sent the mother (his then wife) a letter in which he threatened to commit suicide "before they close in and catch me," and stated "I'm sorry for the embarrassment that I brought to you, my daughters and family." The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Connelly was guilty of the above offenses as charged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

As to the charge that Connelly committed aggravated sexual battery against his stepdaughter, we find that the evidence was

insufficient. The State charged that Connelly committed the offense of aggravated sexual battery in violation of OCGA § 16-6-22.2 by penetrating his stepdaughter's sexual organ with a "replica penis" without her consent. During direct examination, the prosecutor questioned the stepdaughter with regard to an incident which occurred at the residence of the stepdaughter and her mother after Connelly was no longer living there. The stepdaughter testified that Connelly somehow got into the house; forced her to undress and lie down on a bed; and that, despite her holding her legs together, he forced her legs apart. The prosecutor then asked, "The times when he would do that, did he always use his penis, or did he ever do anything else to you?" The stepdaughter responded that, "One time he used this rubber thing, like a penis." The prosecutor asked no further questions regarding the incident or the use of the replica penis, and the stepdaughter provided no direct testimony that Connelly penetrated her sexual organ with the replica penis. In an attempt to bolster the stepdaughter's testimony on this charge, the State introduced hearsay evidence of the stepdaughter's statement to police in a pre-trial interview that Connelly engaged in sexual relations with her using a "fake penis." As set forth in Division 3, infra, the trial court erred by admitting this evidence. Because the State failed to introduce direct or circumstantial evidence sufficient to prove beyond a reasonable doubt that Connelly violated OCGA § 16-6-22.2 by penetrating the stepdaughter's sexual organ with a replica penis, the conviction on this charge must be reversed. *Jackson*, supra; OCGA § 24-4-6.

2. Because each conviction for rape, incest, statutory rape, and child molestation was based on a separate act of sexual intercourse, there is no merit to any of Connelly's claims that these offenses merged as a matter of fact.

3. Connelly contends that, over his objection, the trial court erroneously allowed the State to bolster the testimony of his step-daughter by presenting inadmissible hearsay statements she made to a police officer in a pre-trial interview. The State claims that the trial court properly admitted the statements as prior consistent statements because the defense questioned the stepdaughter's veracity during her cross-examination by raising affirmative charges of recent fabrication, improper influence, or improper motive. *Woodard v. State*, 269 Ga. 317, 320 (496 SE2d 896) (1998); *Blackmon v. State*, 272 Ga. 858, 859 (536 SE2d 148) (2000). *Woodard* held that

> [u]nless a witness's veracity has affirmatively been placed in issue, the witness's prior consistent statement is pure hearsay evidence, which cannot be admitted merely to

corroborate the witness, or to bolster the witness's credibility in the eyes of the jury.

(Footnote omitted.) *Woodard*, 269 Ga. at 320. Moreover, "[w]hen a witness is alleged to have been motivated or influenced to testify falsely, his or her prior consistent statement may be introduced only if the prior statement was made before the alleged motive or influence came into existence." *Thompson v. State*, 281 Ga. App. 627, 631 (636 SE2d 779) (2006). Connelly's defense, arguably raised in cross-examination of the stepdaughter, and by other evidence, was that the stepdaughter was motivated to testify falsely against him because she was a vindictive person who had made false allegations of sexual misconduct against him for years prior to the present allegations. Thus, the stepdaughter's pre-trial statements to the police officer in this case were made after the alleged motive for false testimony came into existence. It follows that the trial court erred by admitting the statements. *Cash v. State*, 294 Ga. App. 741 (669 SE2d 731) (2008).

Nevertheless, we conclude that no reversal is required under the facts of this case. Generally, hearsay erroneously admitted is harmless error where other legally admissible evidence of the same fact is introduced at trial. *Baugh v. State*, 276 Ga. 736, 739 (585 SE2d 616) (2003). But when the hearsay erroneously admitted is the prior consistent statement of a testifying witness — a statement repetitive of that to which the witness has already testified — the error is reversible if it appears likely that the hearsay contributed to the guilty verdict. Id. Here, the State's case was not based primarily on the testimony of Connelly's stepdaughter, whose ability to testify about the charged offenses was seriously compromised by her mental and physical handicaps. With the exception of the aggravated sexual battery conviction reversed in Division 1, supra, the State's case was based primarily on the testimony of Connelly's daughter, who not only testified that Connelly raped and molested her, but also testified that she saw Connelly commit the charged rapes against his stepdaughter. Considering this evidence, along with evidence of Connelly's incriminating letter, we find the erroneous admission of the stepdaughter's pre-trial statements was harmless.

4. Connelly claims the trial court erroneously denied his motion for a new trial made on the basis that his trial counsel provided ineffective assistance.

To obtain reversal of a conviction based on a claim of ineffective assistance of counsel, a defendant has the burden of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC

2052, 80 LE2d 674) (1984); *Terry v. Jenkins*, 280 Ga. 341, 342 (627 SE2d 7) (2006). To establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under the circumstances confronting counsel at the time without resorting to hindsight. *Strickland*, 466 U. S. at 689-690; *Franks v. State*, 278 Ga. 246, 250 (599 SE2d 134) (2004). In considering adequacy of performance, trial counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U. S. at 690. "A claim of ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to the facts." *Franks*, 278 Ga. at 250.

Connelly claims that his trial counsel rendered ineffective assistance because she failed to request that the trial court give limiting instructions to the jury when the State introduced evidence of Connelly's prior sexual abuse of his stepdaughter. The prior abuse was admissible evidence of prior difficulties between Connelly and his stepdaughter and similar transaction evidence on the charges related to his biological daughter. The trial court gave no instructions when the evidence was admitted, but instructed the jury during the general charge at the close of evidence that evidence of prior difficulties between Connelly and an alleged victim was admitted for the limited purpose of illustrating the state of feeling between Connelly and the alleged victim and to show Connelly's bent of mind and course of conduct.

In *State v. Belt*, 269 Ga. 763, 764 (505 SE2d 1) (1998), the Supreme Court found no reversible error where a trial court fails to give without request any limiting instruction to the jury on the use of similar transaction evidence, either when the evidence was introduced or in the charge at the close of evidence. Accord *Sedlak v. State*, 275 Ga. 746, 749-750 (571 SE2d 721) (2002). The same rule applies with respect to prior difficulty evidence. *Belt*, 269 Ga. at 764; *Cooks v. State*, 289 Ga. App. 179, 180 (656 SE2d 851) (2008). It follows that, even if trial counsel's failure to request limiting instructions was deficient performance, no prejudice requiring reversal has been shown. This is especially so considering the evidence supporting the charges, and the fact that the trial court gave the jury a prior difficulty limiting instruction in the general charge at the close of evidence.

Connelly claims his trial counsel should have objected to a brief instruction the trial court gave to the jury after certain excerpts of notes from interviews of the victims and the victims' mother were read to the jury by agreement of the prosecutor and trial counsel. When the notes were read to the jury, they were presented as the

interviewers' written record of statements made in the interviews along with the observations and impressions of the interviewers. The notes contained statements which supported the charges in the indictment as well as statements that supported Connelly's defense. The trial court instructed the jury that the State and the defense had "agreed to stipulate" to the excerpts being read to them and that "they are facts which need no further proof." Taken in the context in which the excerpts were presented to the jury, there is no merit to Connelly's contention that this instruction was reversible error in violation of OCGA § 17-8-57 because it constituted an expression by the trial court as to what was proved or as to his guilt. The trial court was obviously instructing the jury that they were to consider the evidence in the excerpts on the basis of what was being read to them without the necessity of further proof that this was the evidence they contained. There was no reasonable basis for trial counsel to conclude that this instruction required the jury (or misled the jury) to accept statements in the excerpts as the proven facts. Trial counsel's failure to object to the instruction was not deficient performance.

Connelly contends his trial counsel rendered ineffective assistance because she failed to request that the jury be instructed that child molestation was a lesser included offense of rape as charged in Counts 1, 2, 3 and 4 of the indictment. In Counts 3 and 4, Connelly was charged with raping his stepdaughter when she was between 16 and 19 years old. Neither of these charged offenses could have included the lesser offense of child molestation, so trial counsel was not entitled to request the instruction. *Heggs v. State*, 246 Ga. App. 354, 355 (540 SE2d 643) (2000). Because Connelly was charged in Counts 1 and 2 with raping his daughter when she was under the age of 16, an instruction could have been requested that child molestation was a lesser included offense of rape as a matter of fact. *Pruitt v. State*, 258 Ga. 583, 589 (373 SE2d 192) (1988); *Heggs*, 246 Ga. App. at 355. Trial counsel testified at the motion for new trial hearing, however, that she made no such request because the instruction would have been inconsistent with Connelly's defense that he never raped his daughter and that her allegations against him were not believable. This was a strategic decision by trial counsel made in the exercise of reasonable professional judgment, and there was no deficient performance.

For the reasons stated in Division 3, supra, we find that, even if, as Connelly claims, his trial counsel's hearsay objection failed to preserve a claim that his stepdaughter's testimony was erroneously bolstered, he failed to establish that, but for this alleged deficient performance, there was a reasonable probability the outcome of the

trial would have been different. The trial court did not err by denying the motion for a new trial.

*Judgment affirmed in part and reversed in part. Doyle, J., concurs. Bernes, J., concurs specially.*

BERNES, Judge, concurring specially.

I concur fully with the majority opinion, except for the conclusion in Division 1 that there was insufficient evidence of penetration to convict Connelly of the aggravated sexual battery of his stepdaughter. Nevertheless, I concur in the judgment because the aggravated sexual battery conviction must be reversed as the result of the admission of improper bolstering testimony.

Count 13 of the indictment charged Connelly with aggravated sexual battery in that he did "unlawfully intentionally penetrate with a foreign object, to wit: a replica penis, the sexual organ of [his stepdaughter] without the consent of [his stepdaughter]." In her videotaped testimony played for the jury at trial, the stepdaughter testified on direct examination that Connelly repeatedly forced her to have sexual intercourse with him against her will after she moved to Georgia. Midway into the examination the prosecutor then asked, "And, the times when he would do this, did he always use his penis, or did he ever do anything else to you?" The stepdaughter responded, "One time he used this rubber thing, it looked like a penis but he used that, and . . . *all the other ones* he just used his d_ck." (Emphasis supplied.)

When considered in context of the stepdaughter's prior testimony, and when construed in the light most favorable to the verdict, the stepdaughter's response supported an inference that Connelly penetrated her with the replica penis. "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Hence, the stepdaughter's testimony, standing alone, was sufficient to support the aggravated sexual battery conviction. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

However, the state also was permitted to introduce the stepdaughter's pre-trial police interview in which she expressly stated that Connelly penetrated her with the replica penis. I agree with the majority's conclusion in Division 3 that the admission of the interview constituted improper bolstering testimony. And the admission was not harmless with respect to the aggravated sexual battery conviction, given that the only other evidence of penetration was the stepdaughter's own testimony set forth above from which penetration had to be inferred. The aggravated sexual battery conviction thus must be reversed.

DECIDED JANUARY 28, 2009 — 

*Glynn R. Stepp*, for appellant.
*Daniel J. Porter, District Attorney, Julie L. Johnson, Assistant District Attorney*, for appellee.